**Wilburn C. ANDERSON,
Plaintiff-Appellant,**

**v.**

**Richard S. SCHWEIKER, Secretary of Health and Human Services,
Defendant-Appellee.**

**No. 81–1026
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit A

July 17, 1981.

Robert E. Barfield, Amarillo, Tex., for plaintiff-appellant.

Paulina M. Jacobo, Asst. U. S. Atty., Lubbock, Tex., for defendant-appellee.

Before GEE, RUBIN and RANDALL, Circuit Judges.

RUBIN, Circuit Judge:

Contending that he was unable to fulfill the physical demands of his job, Wilburn C. Anderson sought Social Security disability benefits. He appeals from a decision of the district court affirming a Social Security Appeals Council denial of those benefits. We find the decision of the Administrative Law Judge, adopted by the Secretary of Health and Human Services, not to be supported by substantial evidence. Therefore, we reverse that decision and remand for further proceedings.

Mr. Anderson has spent his thirty working years employed as a glazier. He is 51 years old and possesses only a third grade education. He cannot read and is able to write only his name. He last met the requirements of insured status in December 1977.

As a glazier, Mr. Anderson, according to his disability claim, was required to use electric drills and to lift loads sometimes as heavy as 400 pounds. His work involved

the installation of auto, house and store windows. In 1973, while installing a store window, he fell from a six foot ladder, injuring his hip and back. He settled his workman's compensation claim and was awarded a sum computed on the basis of partial permanent disability. For a brief period after his accident, Mr. Anderson oversaw the glazing operation of his two sons. Save for that period, he has not worked since January 1975.

He filed his application for disability insurance benefits in 1977. When the claim was denied, Mr. Anderson requested a hearing. The ALJ, after conducting a hearing, found that the claimant "retains sufficient residual functional capacity for the performance of his usual work" and was "capable of engaging in substantial gainful activity during the claimed period of disability in his usual occupation." He, therefore, concluded that Mr. Anderson was not entitled to benefits. The ALJ's decision was upheld by the Social Security Appeals Council. See 42 U.S.C. § 405(b); 20 C.F.R. §§ 404.940 & 404.946. Its decision is the Secretary's final determination. Pursuant to 42 U.S.C. § 405(g), Mr. Anderson appealed that denial to the district court. Finding substantial evidence to support the conclusion reached by the Appeals Council, the district court granted summary judgment in favor of the Secretary. This appeal followed.

■ The Social Security Act imparts substantial discretion to the Secretary. It does not give us the power to review findings of fact, even for clear error, and, of course, does not permit us to substitute our judgment for his. We are straitly confined by 42 U.S.C. § 405(g) to determining, upon careful review of the entire record, whether it contains substantial evidence to support the Secretary's findings. See Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 852 (1971); Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971); Ratliff v. Richardson, 445 F.2d 440 (5th Cir. 1971). This does not mean we affirm on gossamer. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

In order to recover disability benefits, the claimant bears the burden of proving that he is disabled within the meaning of the Social Security Act. Johnson v. Harris, 612 F.2d 993, 997 (5th Cir. 1980); Fortenberry v. Harris, 612 F.2d 947, 949 (5th Cir. 1980); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979). Disability, as defined by the Act, is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). An individual fulfills this burden, and is considered disabled,

> only if his physical or mental ... impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

■ The existence of disability is often analyzed by means of a sequential evaluation. 20 C.F.R. § 404.1503. After the Secretary determines that the claimant is not then engaged in substantial gainful activity, he must ascertain whether the claimant suffers an impairment that significantly limits the claimant's physical or mental capacity to perform basic work-related activities. If no such impairment exists, a finding of disability is precluded. If, on the other hand, a severe impairment exists, then the Secretary must examine the claimant's residual functional capacity and the demands of the kind of work he can do, based on past work experience. If the claimant is unable to perform the functions required by his past work, the Secretary must determine whether, considering the claimant's age, education and work experience, he is able to meet the demands of

other jobs in the national economy. 42 U.S.C. § 423(d)(2)(A). Only if the claimant is unable to pursue such employment, is it proper for the Secretary to conclude that the claimant is disabled.

The claimant bears the burden of proving a severe impairment that makes him unable to pursue his customary employment. Once he does so, however, the burden shifts to the Secretary to prove that the claimant can perform another type of substantial gainful employment. *Wilkinson v. Schweiker*, 640 F.2d 743, 744 (5th Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1207 (5th Cir. 1981); *Fortenberry v. Harris*, 612 F.2d 947, 949 (5th Cir. 1980).

The ALJ concluded that, based on the claimant's own testimony, expert opinion, and other relevant evidence, Mr. Anderson had failed to prove the existence of any severe impairments that precluded him from engaging in his usual occupation of glazier. Based on a review of the entire record, we are unable to conclude that the Secretary's conclusion is supported by substantial evidence.

The ALJ made no findings concerning the nature of Mr. Anderson's duties in his work as a glazier. His opinion refers only to the fact that glazier's work is "medium work ... according to the Dictionary of Occupational Titles, Third Edition." While one doctor, apparently erroneously, referred to Mr. Anderson's work as supervisory, the record contains no evidence to contradict the reports of other physicians, based on Anderson's statements, that his work required him to lift heavy weights, to stand long periods, and to bend repeatedly. No inquiry into Mr. Anderson's exact duties was made at the hearing. The record does support the inference that, for a period after his injury, Mr. Anderson's sons worked as glaziers, sharing earnings with him, but that they were in effect doing all the physical work. While Mr. Anderson was represented by counsel at the hearing (other than the counsel who now represents him), his lawyer simply delegated examination of Mr. Anderson to the ALJ. The

record does not enable us to determine affirmatively the physical requirements of glazier's work, but it certainly does not contain substantial evidence to negate the contention, inferentially supported by other evidence, that the work entails substantial exertion.

In addition, there is uncontradicted evidence (consisting in part of the ALJ's observations at the hearing) that Mr. Anderson's hands were then too palsied to permit him to cut glass. The record does not contain any findings concerning whether this was an impairment and, if so, when it commenced. There is much medical evidence that Mr. Anderson could be retrained to perform light physical labor or sedentary work, but the ALJ did not deny benefits based on Mr. Anderson's ability to perform other jobs, but solely on the basis that he could work as a glazier.

The ALJ, the Appeals Council, and the district court considered the reports of eleven physicians and other experts. The expert opinions varied materially. Were we to disregard their chronology, assign equal weight to each, and examine only those supporting the Secretary's determination, we might find substantial evidence in those thus winnowed out. When, however, the experts' opinions are examined chronologically, their support for the Secretary's determination is weakened. Two physicians examined Mr. Anderson after he was injured in November 1973 and, despite his consistent complaints of pain, they reported no major physical impairments. The next physician to examine Mr. Anderson, Dr. Baston, reported that the claimant experienced continued pain. Dr. Baston diagnosed the problem as a severe back strain. He prognosticated that Mr. Anderson would be able to do full-time work not requiring heavy lifting.

Although Mr. Anderson continued to report pain throughout 1974 and 1975, three physicians who examined him during this period reported nothing more severe than a lumbosacral sprain.[1] Significantly, how-

1. The reports of these physicians do not indicate that Mr. Anderson was unable to work as a glazier, but one doctor, Dr. Thomas, recommended that he quit work temporarily.

ever, the next three physicians who examined Mr. Anderson before December 1977, the last month in which he satisfied the insured status, and the one who examined him after that date, concluded, in effect, that he was able to engage only in light physical labor or supervisory work.

Dr. Selby, in May 1975,[2] diagnosed Mr. Anderson as having lower back syndrome with a limited range of motion. Erroneously believing that Mr. Anderson's work was supervisory in nature, he concluded that Mr. Anderson should return to work. Two other physicians, Drs. Fong and Citron, examined Mr. Anderson during 1976 and 1977. While unable to diagnose specifically any organic cause of Mr. Anderson's pain, they both concluded that he was unable to return to employment that required lifting, but that he could be retrained for light work or a sedentary occupation. The last physician to examine Mr. Anderson, Dr. Crouch, found in 1978 that it would be difficult for Mr. Anderson to compete in the labor market and that he could manage only gross manipulation with his hands.[3]

■ We conclude, therefore, that the medical evidence presented, rather than substantially supporting the Secretary's conclusion, inferentially supports the conclusion that Anderson's impairment became progressively worse and that he was unable to work as a glazier on or before December 1977. *Compare Demandre v. Califano,* 591 F.2d 1088, 1090 (5th Cir. 1979) ("The medical evidence generally supports a finding that claimant's condition deteriorated *after* expiration of his insured status. There is

substantial evidence in the record to support . . . the Secretary's decision denying plaintiff's claim.") (emphasis in original). We do not preclude the possibility that the initial conclusion could properly be again reached on remand, after a full investigation of the actual demands of Mr. Anderson's work as a glazier, and a further review of the evidence, together with any new or additional evidence that may be appropriate. We simply do not think the present record adequate to support the determination that Mr. Anderson can return to his former work.

■ If he is not able to do so, the burden shifts to the Secretary to prove that, considering Mr. Anderson's age, experience and limited education, there is another type of substantial gainful employment that he can perform. Because of the sequential method of analysis utilized, however, no evidence was presented concerning the existence of alternative employment opportunities[4] for a man in Mr. Anderson's position. *Compare Fortenberry v. Harris,* 612 F.2d 949 (5th Cir. 1980) (Appeals Council decision affirmed in light of testimony that there were a number of jobs suited to the claimant's capabilities). Therefore, we remand for the taking of additional evidence on the nature of Mr. Anderson's duties as a glazier, for such additional evidence as may be appropriate to determine his ability to return to work as a glazier, and, if it should be decided that he cannot do so, for such evidence as may be appropriate concerning Mr. Anderson's capability of engaging in other substantial gainful employment.

**2.** Although Mr. Anderson alleged that his disability began in January 1975, the SSA operates under an "open-file" rule whereby a claimant can submit additional evidence at every stage of the administrative review process to support a favorable determination of his claim. *Epps v. Harris,* 624 F.2d 1267 (5th Cir. 1980). *See* 20 C.F.R. §§ 404.901 and 404.964 (1979).

**3.** Because the examination that served as a basis for this report took place after Mr. Anderson's insured. status had ended, *see* 42 U.S.C. §§ 416(i)(3) and 423(c)(1), Dr. Crouch's report is relevant only for the light it sheds, if any, on Mr. Anderson's condition as it existed in December 1977.

**4.** We note that the Secretary is not required to prove the existence of actual opportunities in Mr. Anderson's immediate location. The Secretary need only prove substantial gainful employment in the national economy. *Demandre v. Califano,* 591 F.2d 1088 (5th Cir. 1979). *Cf. O'Banner v. Secretary of Health, Education & Welfare,* 587 F.2d 321 (6th Cir. 1978) (government's burden of proving ability to work requires more than a generalized showing of the existence of light or sedentary work in the national economy).

Accordingly, we remand for further proceedings.

REVERSED AND REMANDED.