Elizabeth S. CHAPPELL

v.

Richard S. SCHWEIKER, Secretary of
Health and Human Services.

Civ. A. No. C81–1727.

United States District Court,
N.D. Georgia,
Atlanta Division.

Jan. 3, 1983.

As Amended May 31, 1983.

William I. Aynes, Atlanta, Ga., for plaintiff.

Jere W. Morehead, Albert L. Kemp, Jr., Asst. U.S. Attys., Atlanta, Ga., for defendant.

## ORDER

ORINDA D. EVANS, District Judge.

This case is before the Court on Plaintiff's Objections to the Magistrate's Report and Recommendation.

This is an action for judicial review of a decision by the Secretary of Health and Human Services (hereinafter "the Secretary") denying Plaintiff benefits under the Social Security Act. 42 U.S.C. §§ 301 *et seq.* Plaintiff Elizabeth Chappell filed a claim for widow's disability benefits under 42 U.S.C. §§ 402(e) and 423(d)(2)(B). After an adverse decision by an administrative law judge ("ALJ"), Plaintiff's request for review was denied by the Social Security Administration Appeals Council on August 4, 1981. Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

She requests a reversal of the Secretary's decision based on lack of substantial evidence or in the alternative that the case be remanded for the taking of additional evidence. The Magistrate recommended that Plaintiff's appeal be denied on both grounds and that her complaint be dismissed. For the reasons which follow, the

Court declines to follow the Magistrate's recommendation and remands to the Secretary for a reconsideration of Plaintiff's claim.

Elizabeth Chappell is a 54-year old woman whose husband died in 1977. She has not been employed since his death. Mrs. Chappell claims entitlement to widow's disability benefits [1] based on disability beginning June 30, 1977 due to "back and neck condition, arthritis all over, thyroid condition, nervous condition, heart condition, hiatus [sic] hernia."

## I. The Applicable Regulations and Standard of Review

A widow will not be determined to be under a disability under the Act "unless ... her physical or mental impairment or impairments are of a level of severity which under regulations prescribed by the Secretary is deemed to be sufficient to preclude an individual from engaging in any gainful activity." [2] 42 U.S.C. § 423(d)(2)(B). Pursuant to this section of the Act, the Secretary has published a "Listing of Impairments" for use in determining whether to award widow's benefits. 20 C.F.R. part 404, Subpart P, Appendix 1 (1981). The Listing describes impairments which are deemed severe enough to preclude an individual from engaging in any gainful activity. The accompanying regulations provide that a widow will be found to be disabled only if she has a medically determinable physical or mental impairment that has "specific clinical findings that are the same as those for any impairment in the Listing of Impairments or are medically equivalent to those for any impairment." 20 C.F.R. § 404.1578. [3] Impairments which would not constitute a disability if treated separately may be considered in combination to determine whether, taken together, they constitute a disability. 20 C.F.R. § 404.1526(a).

An impairment is determined to be medically equivalent to a listed impairment only if based on medical evidence supported by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1526. The medical opinion of one or more physicians designated by the Secretary is considered in determining medical equivalence. *Id.* As in all disability determinations under the Act, the Secretary ultimately determines a widow's disability; a physician's statement that an individual is disabled or unable to work is not determinative, but must be supported by medical evidence. 20 C.F.R. § 404.1527. Finally, the claimant bears the burden of proving that he or she is disabled in order to recover benefits under the Act. *Anderson v. Schweiker,* 651 F.2d 306, 308 (5th Cir.1981).

**1.** Section 202(e) of the Social Security Act, 42 U.S.C. § 402(e), provides for benefits to disabled widows between the ages of 50 and 60 whose husbands died fully insured.

**2.** The legislative history of the Social Security Amendments of 1967 shows that Congress intended a stricter test for disability for widows seeking benefits on the earnings record of a deceased spouse than for a worker seeking benefits on his own earnings record. S.Rep. No. 744, 90th Cong., 1st Sess. 49–50, 1967 U.S.Code Cong. & Admin.News 2883; H.R.Rep. No. 544, 90th Cong., 1st Sess. 27, 31; *see Sullivan v. Weinberger,* 493 F.2d 855, 862 (5th Cir.1974), *cert. denied,* 421 U.S. 967, 95 S.Ct. 1958, 44 L.Ed.2d 455 (1975); *see also Smith v. Schweiker,* 671 F.2d 789 (3d Cir.1982); *Rodriguez v. Sec'y. of Health, Education and Welfare,* 647 F.2d 218 (1st Cir.1981); *Sims v. Harris,* 607 F.2d 1253 (9th Cir.1979); *Wokojance v. Weinberger,* 513 F.2d 210 (6th Cir.), *cert. denied,* 423 U.S. 856, 96 S.Ct. 106, 46 L.Ed.2d 82 (1975); *Powell v. Schweiker,* 514 F.Supp. 439, 447 (M.D.Fla.1981). As the Court in *Sullivan* stated, Congress intended to grant benefits to widows only for a disabling medical impairment, not simply for an inability to obtain employment; factors such as age, experience and education are not considered in a widow's benefits case. In addition, a disabled wage earner may receive benefits if unable to engage in any *substantial* gainful activity, 42 U.S.C. § 423(d)(1)(A), but a widow is not disabled unless she is unable to perform *any gainful activity.* 42 U.S.C. § 423(d)(2)(B). (emphasis added).

**3.** The impairment also must meet the duration requirements of the regulations; it must have lasted or be expected to last for a continuous period of not less than 12 months. 20 C.F.R. § 404.1505.

■ In reviewing the Secretary's decision in a disability case, this Court may not review findings of fact or substitute its judgment for that of the Secretary. *Smallwood v. Schweiker*, 681 F.2d 1349, 1351 (11th Cir.1982). We are confined to determining only whether there is substantial evidence in the record to support the Secretary's decision. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 (1971); *Anderson v. Schweiker*, 651 F.2d at 308. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* Of course, our review of the legal standards applied by the Secretary is not so deferential, and failure to apply proper legal standards is grounds for reversal of the Secretary's decision. *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir.1982).

## II. The Evidence

The medical evidence consists of the reports of Dr. Grover Anderson and others who examined Mrs. Chappell at Georgia Baptist Hospital, Dr. Ralph Fleck, Dr. James Thomasson, who was Mrs. Chappell's treating physician, and associates of Dr. Thomasson at the Papp Clinic. Each of these doctors based their reports on examinations which they conducted; Dr. Thomasson's evaluations were based on numerous consultations from 1978 to 1980. In addition, Dr. Thomasson submitted a letter dated October 1, 1980, which stated:

This patient suffers from severe, generalized arthritis and arteriosclerotic cardiovascular disease complicated by a tachy arrhythmia, etiology unknown.

She has to take Inderal regularly for the arrhythymia and sometimes has to come into the hospital or my office for further medications.

She also is 3½ years post hysterectomy for adenocarcinoma of the endometrium. At present, she has no evidence of recurrent disease but has to be followed closely.

X-rays on her last admission to Newman Hospital, 2/22/80, showed her to have severe cervical degenerative disc disease and lumbosacral degenerative disc disease and is being treated on medication with only slight improvement [sic].

At present, this patient also takes thyroid extract for previous hypothyroidism.

This lady, at present, is totally and permanently disabled because of the combination of these complicated factors.

She is unable to be gainfully employed because of the pain suffered while sitting, standing, bending, stooping or performing any type of gainful employment even to the point that she cannot type because of severe osteoarthritis of her joints of the hands and fingers.

Record at 87.

The ALJ also considered the reports of non-examining doctors "designated by the Secretary" pursuant to 20 C.F.R. § 404.1526. These doctors reviewed the reports in the record and concluded that the severity of Mrs. Chappell's "impairments do not meet or equal that of any impairment described in the Listing of Impairments." Record at 68. Finally, the ALJ heard Mrs. Chappell's own testimony concerning her condition and the pain she suffers from it.

On the basis of the evidence the ALJ found the following:

Medical evidence of record shows the claimant has X-ray evidence of degenerative disc disease of lumbar spine and cervical spine with a full range of motion and no neurological involvement. The claimant has been diagnosed as having generalized osteoarthritis but there are no resultant secondary sensory, motor, or reflex deficits. The claimant is noted to take medication for previous hypothyroidism but currently there is no evidence of deficiency of thyroid activity. Although the claimant alleges a nervous condition, she has no history of psychiatric treatment. Further, her testimony and demeanor at the hearing are convincing that she does not suffer from emotional problems of a serious nature. Intermittent tachycardia is noted to be under good control without any further cardiac problems. There is no medical evi-

dence to substantiate alleged hiatus hernia.

Record at 10.

The ALJ noted Dr. Thomasson's conclusion that Mrs. Chappell is "totally and permanently disabled" due to the above factors, but correctly stated that the weight to be given such a conclusion "depends on the extent to which it is supported by specific and complete clinical findings and is consistent with the other evidence as to the severity and probable duration of the claimant's impairment or impairments." *See* 20 C.F.R. § 404.1527; *Oldham v. Schweiker,* 660 F.2d 1078, 1084 (5th Cir.1981). The underlying medical data, although indicating that Mrs. Chappell does have certain health problems, did not persuade the ALJ that Mrs. Chappell was "disabled" within the meaning of the Act. He explicitly noted the conclusion of the designated physicians to the contrary.

■ The Court has reviewed the record and finds that there is substantial evidence to support the Secretary's conclusion that Mrs. Chappell's disc disease in her neck and back, arthritis, thyroid condition, nervous condition, heart condition or hernia were not, alone or in combination, of a level of severity equal to any listed impairment.[4] The ALJ also made findings, however, concerning the pain which Mrs. Chappell suffers from her conditions and concluded that the pain itself is not disabling. This latter conclusion concerning pain was not supported by substantial evidence.

4. Plaintiff argues that the conclusion of a nonexamining physician designated by the Secretary that a claimant is not disabled does not alone constitute substantial evidence in the face of a contrary conclusion by a treating physician. *See Neumerski v. Califano,* 513 F.Supp. 1011, 1014 (E.D.Pa.1981); *Marbury v. Matthews,* 433 F.Supp. 1081, 1086 (W.D.N.Y.1977); *Ehrenreich v. Weinberger,* 397 F.Supp. 693, 697 (W.D.N.Y. 1975). Although the Court is inclined to agree, it need not decide that question here. It is clear that the ALJ did not rely solely on the conclusion of the non-treating physician, and that the ALJ's determination was supported by independent medical evidence in the record.

5. The Court has found only two cases which even discuss the issue of pain in a widow's

In addition to his conclusion that the physical conditions described above did not equal a listed impairment, the ALJ stated:

The claimant's allegations of pain have been considered as pain may very well be a disabling affliction. There is no doubt that the claimant suffers some pain and discomfort; however, the evidence of record does not establish the presence of such severe and persistent pain as to be "disabling" in and of itself.

Record at 11.

■ The ALJ was correct in stating that pain itself can be disabling under the Act. *Wiggins v. Schweiker,* 679 F.2d 1387, 1390–91 (11th Cir.1982). Under the law of this Circuit, the symptom of pain can be found to be disabling where the underlying impairment or cause of the pain is medically determinable and supported by objective medical evidence; the complaints of pain themselves need not be supported by objective findings. *Id.* and cases cited therein. It is up to the Secretary to make credibility determinations concerning the subjective complaints. *Id.*

The cases which have held that pain alone can be disabling under the Act have done so in the context of wage-earner disability benefit applications, not widow's disability claims.[5] *See Wiggins,* 679 F.2d at 1390–91 and cases cited therein. These cases have construed 20 C.F.R. § 404.1529 to conclude that complaints of pain need not objectively be supported as long as the underlying cause is medically determinable. 20 C.F.R. § 404.1529 states:

disability context. *Smith v. Schweiker,* 671 F.2d 789 (3d Cir.1982); *Woodard v. Schweiker,* 668 F.2d 370 (8th Cir.1981). In *Smith,* the Secretary argued that pain may not constitute a disability for a widow because pain is not one of the conditions included in the Listing of Impairments. This argument is erroneous. Section 1.00 of the Listing discusses pain as a factor in causing loss of muscle or skeletal function. In any event, the court did not reach this question in *Smith,* and held only that pain must be considered as a symptom of a listed impairment.

In *Woodard,* the court stated that subjective complaints of pain "are not irrelevant" in a widow's disability case. 688 F.2d at 374.

If you have a physical or mental impairment, you may have symptoms (like pain, shortness of breath, weakness or nervousness). We consider all your symptoms, including pain, and the extent to which signs and laboratory findings confirm these symptoms. The effects of all symptoms, including severe and prolonged pain, must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptom. We will never find that you are disabled based on your symptoms, including pain, unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce these symptoms.

Although a widow's disability is determined under the Listing of Impairments in Appendix 1, and not directly under the above-quoted regulation, the Listing also contains instructions concerning pain as follows: "Pain may be an important factor in causing [musculoskeletal] functional loss, but it must be associated with relevant abnormal signs or laboratory findings." 20 C.F.R. part 404, Subpart P, Appendix 1, § 1.00 (1981).

The Court cannot discern from the language of the two sections whether different standards should be applied to evidence of pain in an application for widow's disability benefits. Although Congress intended to establish a stricter disability test for widows by requiring that they be unable to engage in any gainful activity, as opposed to the wage-earners test of substantial gainful activity based on age, education and work experience, *see Sullivan v. Weinberger,* 493 F.2d 855 (5th Cir.1974), *cert. denied,* 421 U.S. 967, 95 S.Ct. 1958, 44 L.Ed.2d 455 (1975); note 2 *supra,* it is unclear whether this means that Congress intended widows to sustain a higher threshold of pain before being entitled to benefits. In a wage-earner's case, pain is considered along with the nonmedical factors

mentioned above, whereas in a widow's case, absent a separate listed impairment, pain alone would be the determining factor. Moreover, in a widow's case the pain must be severe enough to foreclose any gainful activity, while pain suffered by a wage-earner need be severe enough to prevent *substantial* gainful activity defined by reference to certain other nonmedical factors.[6]

As a practical matter this distinction probably is not significant. Unlike the physical impairments described in the Listing, pain is not susceptible to precise calibration and often will not be demonstrable by clinical findings. *Ware v. Schweiker,* 651 F.2d 408, 412 (5th Cir.1981); *Stewart v. Harris,* 509 F.Supp. 31, 33 (N.D.Cal.1980). Evidence of pain consists largely of the subjective testimony of the claimant and may also include testimony from physicians based on their experience concerning how much pain certain conditions can be expected to produce. Evaluation of this evidence is primarily a credibility determination. *Scharlow v. Schweiker,* 655 F.2d 645, 648–49 (5th Cir.1981). Suffice it to say that, in a widow's case, the Secretary must evaluate evidence of pain in light of the strict legal requirement that a claimant be unable to engage in *any* gainful activity before she is entitled to benefits.

Although the Secretary has discretion in weighing the credibility of a claimant, courts have held that the Secretary must give great weight to subjective complaints of pain and must fully articulate his reasons for rejecting claims based on subjective complaints. *Walden v. Schweiker,* 672 F.2d 835, 840 (11th Cir.1982); *Dobrowolsky v. Califano,* 606 F.2d 403, 409 (3d Cir.1979); *Aquino v. Harris,* 516 F.Supp. 265, 271 (E.D.Pa.1981); *Stewart v. Harris,* 509 F.Supp. 31, 33 (N.D.Cal.1980). In particular, specific findings as to a claimant's credibility are "necessary and crucial," and an ALJ's rejection of a claim based on pain

**6.** The Fifth Circuit upheld the constitutionality of a stricter disability test for widows in *Sullivan v. Weinberger, supra* note 2. *See also Sims v. Harris, supra* note 2, and *Wokojance v. Weinberger, supra* note 2. The Fifth Circuit's holding in *Sullivan* is binding on this Court. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981).

without such findings is grounds for reversal. *Walden,* 672 F.2d at 840; *Scharlow v. Schweiker,* 655 F.2d 645, 648–49 (5th Cir. 1981); *Rivera v. Secretary of Health, Education and Welfare,* 513 F.Supp. 194, 199 (S.D.N.Y.1981).

 Finally, in allocating the evidentiary burden on the issue of pain, courts have held that a claimant satisfies her burden by having her treating physician substantiate her subjective claims. *Aquino v. Harris,* 516 F.Supp. 265, 273 (E.D.Pa.1981); *see Livingston v. Califano,* 614 F.2d 342, 345 (3d Cir.1980). The burden then shifts to the Secretary to demonstrate that the claimant is not disabled by the pain. *See Walden,* 672 F.2d at 840. Although generally a treating physician's opinion is not conclusive on the ultimate issue of disability, in the absence of contrary evidence in the record the ALJ is not free to disregard the opinion and is bound by it. *Id.* 839; *Eiden v. Secretary of Health, Education and Welfare,* 616 F.2d 63, 64 (2d Cir.1980); *Aquino v. Harris,* 516 F.Supp. at 273. Failure to credit the uncontradicted opinion of the treating physician on the issue of pain is grounds for reversal. *Id.*

In this case, the only evidence on the subject of Mrs. Chappell's pain was her own testimony and that of her treating physician, Dr. Thomasson. Mrs. Chappell testified that the pain in her back, neck, hands, fingers, hip, and legs is constant, and also severe enough to prevent her from doing housework or even light typing. She stated:

Well, I can just sit here and tell you, even if I stand, if I stoop at all like I do to get something under my sink, I have to hold to the top of the sink to get up. And, dusting, stooping, if you could see my house you would know that I don't do any housework. I do very little. Making beds—in fact I have to sit down and

almost cry when I make a bed. The pain is so severe in my back.

Record at 34.

Dr. Thomasson's October 1, 1980 letter stated that Mrs. Chappell experienced pain while sitting, standing, stooping, bending or even typing. Dr. Thomasson's examination file notes of 12/22/80 state: "Comes in with severe pain in the hands, neck, shoulders, back and arms and feet. She definitely has severe ostheoarthritis in all of these areas and in the entire spine." Record at 99. Indeed, the existence of pain related to severe arthritis and degenerative disc disease is consistently documented throughout the notes prepared by Dr. Thomasson and other doctors at the Papp Clinic from 1978 to 1981. Record at 78–81, 84; *see also* Record at 71.[7]

 The ALJ did not make the required specific findings concerning Mrs. Chappell's credibility, but it appears that he found her credible to at least some extent on the issue of pain by stating "there is no doubt that the claimant suffers some pain and discomfort." The medical evidence supporting her claims of pain, and establishing the existence of underlying impairments which would cause pain, is uncontradicted. Given the state of this record, the ALJ's determination that "the evidence of record does not establish the presence of such severe and persistent pain as to be 'disabling'" is not supported by substantial evidence. There simply is no "evidence of record" to support another conclusion. An administrative law judge may not arbitrarily reject uncontroverted medical evidence, nor may he arbitrarily substitute his own judgment for a lack of evidence. *Walden,* 672 F.2d at 839; *Goodley v. Harris,* 608 F.2d 234 (5th Cir.1979). The only evidence in this case is of severe and disabling pain; having implicitly found Mrs. Chappell to be

7. Subsequent notes from 3/16/81 state: "Arthritis is symptomatic all the time but she is advised to take only Tylenol for the discomfort. I don't think she should take anything else as it may cause more trouble with the stomach." Record at 99. The record shows that Mrs. Chappell experienced severe stomach problems, including hemorrhaging, as an apparent reaction to the varieties of medication which she took for her other ailments. Her inability to stomach a stronger analgesic for the arthritis pain is additional evidence that Mrs. Chappell spends much of her time in severe pain.

a credible witness, the ALJ was not free to discount the evidence by some arbitrary amount.

There is an additional problem underlying the ALJ's decision. Although he correctly stated that pain can be a disabling factor under the Act, the ALJ did not make clear whether he was evaluating Mrs. Chappell's pain under the stricter standards which appears to be required by the regulations governing widow's disability. As discussed above, pain in the context of a widow's application must be found to preclude *any* gainful activity, as opposed to substantial gainful activity defined by reference to a claimant's age, education and experience.

The Court therefore remands this case to the Secretary for a consideration of Mrs. Chappell's pain in light of the specific requirements of the regulations. In addition, the Secretary is directed to make specific findings with respect to the claimant's credibility, and is further directed to give the proper weight to the medical evidence of pain as discussed earlier in this order.

Mrs. Chappell also moves to remand for consideration of additional evidence. Specifically, she requests consideration of reports by Drs. Arthur M. Pruce and Robert J. George concerning her physical and psychological conditions. These reports were prepared after the ALJ rendered his decision in this case.

■ In order to justify a remand for the taking of additional evidence, a claimant must show that the "new evidence ... is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding...." 42 U.S.C. § 405(g). New evidence is material if it is relevant and probative, and if it appears necessary to a just determination of the claim. *Chaney v. Schweiker,* 659 F.2d 676, 679 n. 3 (5th Cir.1981). The purpose of the good cause and materiality requirements is to prevent needless remands after an initial disability determination has been made. S.Rep. No. 96–408, 96th Cong., 2d Sess. 5–6, 1980 U.S.Code Cong. & Admin.News 1277, 1284.

The Secretary opposes remand on the grounds that Mrs. Chappell has failed to make the requisite showing. The Court need not decide this question. Because the case must be remanded for the reasons stated, no purpose would be served by preventing the ALJ from considering the additional reports. The Court finds that it would be appropriate to consider the reports on remand in this instance.

This case is REMANDED to the Secretary for further proceedings not inconsistent with this opinion.