### James M. WEST

v.

### Louis W. SULLIVAN, M.D., Secretary of Health and Human Services.

### Civ. A. No. 4–87–213–K.

United States District Court, N.D. Texas, Fort Worth Division.

Oct. 31, 1990.

---

Robert Hampton, West Texas Legal Services, Wichita Falls, Tex., for plaintiff.

Wayne Hughes, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Fort Worth, Tex., for defendant.

## ORDER

BELEW, District Judge.

The court has made an independent review in this case of:

1. the pleadings, files, and record;

2. the proposed findings and recommendations of the Magistrate filed July 6, 1990; and,

3. Petitioner's objections to the proposed findings, conclusions, and recommendation of the Magistrate filed on July 25, 1990; and,

4. Petitioner's supplemental objections to the findings, conclusions, and recommendation of the Magistrate filed on August 24, 1990.

■ The court, after *de novo* review, holds this case should be remanded for re-evaluation by the Secretary in accordance with the findings in this order. The ALJ's determination Plaintiff could perform sedentary work is not supported by substantial evidence in the record. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support the conclusion." *Anderson v. Schweiker*, 651 F.2d 306, 308 (5th Cir.1981). Further, on review, we must look at the record in its entirety. *Western v. Harris*, 633 F.2d 1204 (5th Cir. 1981).

In this record, the ALJ determined Plaintiff could perform sedentary work which required the Plaintiff to sit up to six hours per work day with frequent opportunities to stand and walk. The ALJ further found Plaintiff could stand and walk up to two hours per eight hour work day. (Tr. 222) The ALJ rejected all of Plaintiff's medical evidence and physician's evaluations as not credible even though these determinations indicated Plaintiff was totally disabled. Further, the ALJ relied on four pages out of a 310 page record to determine Plaintiff was able to sit for six hours per day and could perform the activities necessary to sedentary work.

■ Of course it is within the ALJ's discretion to make determinations about the credibility of evidence, however, the ALJ may not substitute his judgment for that of vocational or medical experts. *See Freeman v. Schweiker*, 681 F.2d 727, 731 (11th Cir.1982). In the pages cited to by the ALJ [1], there is *no* medical evaluation by a physician which states Plaintiff can sit for six hours or perform other tasks needed for sedentary work. Furthermore, those few pages only refer to an evaluation of Plaintiff's condition on one particular day, November 4, 1987. Subsequent evaluations in 1988 indicated Plaintiff could not sit the required number of hours for sedentary work. (Tr. 291–292, 301–302, 305) In fact, three separate doctors found Plaintiff could not sit for six hours and was totally disabled. (Tr. 291, 301, 305) Moreover, we can find no indication in the record where *any* physician stated Plaintiff could sit for six hours. Nowhere in the record except the ALJ's opinion is there any evidence to support such a finding. Thus, viewing the record as a whole, we must conclude the ALJ's determination Plaintiff could perform sedentary work was not supported by substantial evidence. Accordingly, this case is remanded to the Secretary for review consistent with these findings.

Other than on this point, we adopt the Magistrate's recommendation on all other

---

1. The ALJ bases his decision on pages 4–8 of exhibit 41. These pages are renumbered 272– 276 in the record.

issues, as Plaintiff basically reurges the same arguments made in his initial motion for summary judgment.

IT IS ORDERED that the findings, conclusions and recommendation of the Magistrate are accepted except as to the issue of Plaintiff's ability to perform sedentary work.

IT IS FURTHER ORDERED that this case be remanded to the Secretary for re-evaluation consistent with the findings in this order.

IT IS FURTHER ORDERED that this case be remanded to the Secretary for re-evaluation consistent with the findings in this order.