**Linda J. KEY, Plaintiff,**

v.

**Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.**

**Civ.A. No. 03–G–2385–E.**

United States District Court,
N.D. Alabama,
Eastern Division.

July 6, 2004.

---

A. Patrick Ray, III, R D Pitts & Associates PC, Birmingham, AL, for plaintiff.

Alice H. Martin, U.S. Attorney, Edward Q. Ragland, U.S. Attorney's Office, Birmingham, AL, Mary Ann Sloan, Social Security Administration–Office of General Counsel, Atlanta, GA, for defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

Plaintiff brings this action pursuant to the provisions of section 205(g) of the Social Security Act, [hereinafter the Act], 42 U.S.C. § 405(g),[1] seeking judicial review of a final adverse decision of the Commissioner of Social Security [hereinafter Commissioner]. Application for a period of disability and disability insurance benefits under sections 216(i) and 223 of the Social Security Act, as amended, was filed November 6, 2001, as was an application for SSI as provided under Section 1601 of the Act, 42 U.S.C. §§ 1381 et seq. These applications were denied initially and upon reconsideration. Request for a hearing before an administrative law judge [hereinafter ALJ] [Jack F. Ostrander] was granted, and a hearing was held November 21, 2002. The ALJ's decision to deny benefits was handed down March 27, 2003. Plaintiff's request for review by the Appeals Council was denied July 25, 2003. An appeal to this court followed.

Plaintiff is a 51 year old female with a seventh grade education. Past relevant work is as a certified nurse assistant [CNA], a millwright helper, a welder helper, and a tool room clerk, all of which are classified as unskilled at a heavy/medium exertional level. She claims disability onset as of October 15, 2001, due to chronic back pain, arthritis, and chronic obstructive pulmonary disease [COPE].

Ms. Key claims she is unable to work because of pain—"the biggest factor in her life." She can only walk about a half of a block due to pain and inability to breathe. She can only stand 20 minutes. When she sits she has to have a footstool. During the day it is necessary for her to lie down about six hours. Claimant testified she has no life. She seldom leaves the house except to go to church. She is unable to squat, bend, or crawl. She is unable to lift anything over 10 pounds. She can no longer work in her garden or crochet. Her sleep is "fractured" by pain. Consequently she is up and down all night. She must have help with her personal care.

At the time of the hearing plaintiff was taking the following medications:

Premarin;[2]

Valium;[3]

---

1. 42 U.S.C. § 1383(c)(3) renders the judicial provisions of 42 U.S.C. § 405(g) fully applicable to claims for Supplemental Security Income [hereinafter SSI].

2. Hormone replacement.

3. Valium/Diazepam is indicated for the management of anxiety disorders or for the short-term relief of the symptoms of anxiety. Valium is a useful adjunct for the relief of skeletal muscle spasm due to reflex spasm to local pathology (such as inflammation of the muscles or joints, or secondary to trauma). Side effects most commonly reported are drowsiness, fatigue and ataxia. Infrequently encountered side effects are confusion, consti-

HCTZ;[4]

Lortab, 7.5;[5] and

Singulair.[6]

Medical records from the North Alabama Women's Center, P.C. indicate plaintiff has had complaints upon visits there of right hip arthritis as early as February 10, 2000, and has been seen for the associated hip pain several times. In 1999 she was diagnosed with COPD. Pulmonary function tests are included in the record. The calibration through February 14, 2002, showed "SEVERE RESTRICTION," with a FEV1 reading of 1.08.

Plaintiff sustained a work injury on September 29, 2001. The injury was followed by a course of physical therapy. A report from company doctor Leigh Ransonet Henderson of Riverview Physical Medicine on November 28, 2001, discussing claimant's status as of that date, indicates plaintiff was unable to stand for more than two hours due to swelling of her feet. She was having trouble walking. The doctor's impression was lumbar strain, low back pain with "severe DDDL5S1 ... injury." Hip pain was preexisting. Although the doctor released plaintiff from the "work-related injury" her notes indicate she discussed with claimant that her back arthritis was unrelated to her back strain. Plaintiff's back was weak because of the arthritis which, in turn, likely caused the back strain. It was the doctor's opinion that on October 15, 2001, plaintiff's pain was gone, but that it returned—"a fluke of nature." Dr. Henderson suggested Ms. Key see her physician who might want to put her on activity restrictions regarding her back arthritis and hip arthritis.

The records show that treating physician[7] Dr. Mohammad Ismail treated plaintiff from February 12, 2001, to May 24, 2001, for hip and back pain, and then again in 2002. On September 5, 2002, he ordered a complete x-ray of the LS–Spine. The x-ray showed degenerative changes present with osteophytic lipping and disc space narrowing at the L5–S1 level. The doctor completed a "NON–EXERTIONAL FACTORS AFFECTING YOUR PATIENT" form November 17, 2002, in which he opined plaintiff has continuous

---

pation, depression, diplopia, dysarthria, headache, hypotension, incontinence, jaundice, changes in libido, nausea, changes in salivation, skin rash, slurred speech, tremor, urinary retention, vertigo and blurred vision. PDR.

**4.** HCTZ (hydrochlorothiazide) is a thiazide diuretic. It increases the amount of water and salt lost in urine and decreases edema. *Hydrochlorothiazide/irbesantan,* at http://www.drugs.com/hctz.html (visited June 29, 2004).

**5.** Lortab tablets are indicated for the relief of moderate to moderately severe pain. The most frequently reported adverse reactions are lightheadedness, dizziness, sedation, nausea and vomiting. These effects seem to be more prominent in ambulatory than in nonambulatory patients. PDR.

**6.** Singulair is a once-a-day mediation for treatment of asthma and seasonal allergies. *Singulair, at* http://www.singulair.com/monte-lukast_sodium/singulair/consumer/index.jsp (visited June 30, 2004).

**7.** While the opinions of physicians are not determinative of the issue of disability, 20 C.F.R. § 404.1526 (1995), the law is clear that the ALJ must give substantial weight "to the opinion, diagnosis, and medical evidence of the claimant's treating physician." *Wiggins v. Schweiker,* 679 F.2d 1387 (11th Cir.1982); *Smith v. Schweiker,* 646 F.2d 1075 (5th Cir. 1981). The Eleventh Circuit has gone further to hold that where the Secretary ignores or fails to properly refute a treating physician's report, the findings in that report are to be accepted as true as a matter of law. *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986). The Secretary must give "explicit and adequate reasons for rejecting the opinion of the treating physician." *Elam v. Railroad Retirement Board,* 921 F.2d 1210, 1215 (11th Cir.1991).

pain as a result of her medical condition. He rated her pain at the "MODERATELY SEVERE (could be tolerated but would cause marked handicap in the performance of the activity precipitating the pain)"[8] level and the "SEVERE (would preclude the activity precipitating the pain)"[9] level. Objective signs of pain listed on the form as being present were x-ray and muscle spasm. Plaintiff would need constant rest stops during the day. During the course of treatment he had prescribed Indocid,[10] Lorcet,[11] and Flexeril.[12] These medications would cause drowsiness. Because of her medical condition it would be necessary for her to miss more than three days a month from work.[13] His explanation followed: "She is in pain all (the) time."[14]

8. Vocational expert John M. Long, Jr. testified that "moderately severe" pain "begins to affect your ability to focus or concentrate to the extent that you are unable to focus or concentrate on anything but the pain.... [Y]ou'd be unable to function in any type of competitive employment, due to the inability to maintain the work attendance, or persistence and pace necessary to function, based upon your inability to focus or concentrate."

9. Vocational expert Long testified that with pain at this level you would be unable to work.

10. Indocid is a nonsteroidal anti-inflammatory drug used to relieve some symptoms caused by arthritis such as inflammation, swelling, stiffness, and joint pain. *Indocid, at* http://health.yahoo.com/health/drug/202743/ indocid (Visited June 30, 2004).

11. Lorcet is a hydrocodone which is used in the treatment of acute musculoskeletal pain. Turturro MA, Paris PM, Yealy DM, Menegazzi, *Hydrocodone versus codeine in acute musculoskeletal pain, at* http://opioids.com/hydrocodone/ (September 16, 2002).

12. Flexeril is indicated as an adjunct to rest and physical therapy for relief of muscle spasm associated with acute painful musculoskeletal conditions. Improvement is manifested by relief of muscle spasm and its associated signs and symptoms, namely, pain, tenderness, limitation of motion, and restriction in activities of daily living. Flexeril may impair mental and/or physical abilities required for performance of hazardous tasks. Flexeril may enhance the effects of alcohol, barbiturates, and other CNS depressants. The most frequently reported adverse reactions are drowsiness, dry mouth, and dizziness. *Physicians' Desk Reference,* (Medical Economics Company, Inc., Inc. 56rd ed 2002). [hereinafter PDR].

13. Vocational expert Long testified that any absence in excess of two days per month would be inadequate attendance for entry level jobs.

14. Whenever a claimant asserts disability through testimony of pain or other subjective symptoms, the Eleventh Circuit standard requires:
   1. evidence of an underlying medical condition and either
   2. objective medical evidence confirming the severity of the alleged pain arising from that condition or
   3. that the objectively determined medical condition is of such severity that it can reasonably be expected to cause the alleged pain.

*Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir.1991). *See also Elam v. Railroad Retirement Board,* 921 F.2d 1210, 1215 (11th Cir. 1991); *Lamb v. Bowen,* 847 F.2d 698, 702 (11th Cir.1988); *Hand v. Heckler,* 761 F.2d 1545, 1548 (11th Cir.1985).

More recently, in *Wilson v. Barnhart,* 284 F.3d 1219, 1225 (11th Cir.2002), the court announced the pain standard as follows:

In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

In *Brown v. Sullivan,* 921 F.2d 1233 (11th Cir.1991), the court said:

The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Hale v. Bowen,* 831

Dr. Ismail also completed a "PHYSI-CAL CAPACITIES EVALUATION" November 20, 2002, in which he opined that in an eight-hour workday plaintiff is able to sit, stand and walk one hour at a time and one hour total in each area during an eight-hour workday. She can "occasionally" lift and carry up to 10 pounds.[15] She is able to "occasionally" use both arms and hands for actions such as push/pull, but can never use either foot for such actions. She can never bend, squat, crawl, climb, or reach. She is totally restricted from activities involving unprotected heights, moving machinery, marked changes in temperature and humidity, driving automotive equipment and working around dust, fumes, and gases. She can occasionally use her hands for actions such as simple grasping, fine manipulation, and fingering/handling.[16]

Vocational expert Long testified that if the physical capacity evaluation and non-exertional factors affecting employment are credible and supported by the record plaintiff would be unable to do any kind of substantial, gainful employment. His reasoning follows:

> Essentially, she wouldn't have the work adequate attendance[17] necessary to function. And also the pain would be to such an extent that it would preclude any type of work.

In discounting the opinion of treating physician Ismail the ALJ opined his opinion recorded on the two forms was not supported by "medically acceptable clinical and laboratory diagnostic techniques, and (the opinions on the two forms) are not consistent with the other substantial medical and nonmedical evidence in the case record." He referred to the examination by Dr. Henderson, previously mentioned[18] and the report of consulting physician Kishin M. Gehi. Dr. Gehi's impression as reported February 14, 2002, was chronic pain of the low spine, probably secondary to arthritis and chronic obstructive airways disease. The court notes that neither contradicts the opinion of Dr. Ismail.

The ALJ found that the medical evidence establishes the claimant has chronic obstructive pulmonary disease and disorders of the back which are considered "severe." He found she has the residual functional capacity to occasionally lift and carry 20 pounds, frequently lift and carry ten pounds, stand and/or walk four hours during an eight-hour workday, and sit four hours during an eight-hour workday, with the option to sit and/or stand at her discretion. She can occasionally balance, stoop, kneel, crouch and crawl, and is restricted from climbing ladders, ropes and scaffolds, and working around unprotected heights and dangerous moving equipment. Plaintiff can perform "light work." [19,20]

---

F.2d 1007, 1011 (11th Cir.1987); *MacGregor*, 786 F.2d at 1054; *Landry v. Heckler*, 782 F.2d 1551, 1552 (11th Cir.1986). If the Secretary decides not to credit such testimony, he must discredit it explicitly, *MacGregor* at 1054, and articulate explicit and adequate reasons for doing so. *Hale*, 831 F.2d at 1011. Failure to articulate the reasons for discrediting subjective pain testimony requires, as a matter of law, that the testimony be accepted as true. *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988); *Hale*, at 1011; *MacGregor*, at 1054. *Brown v. Sullivan*, 921 F.2d at 1236.

**15.** During an eight-hour workday "occasionally" equals 0% to 33% (1–2 hours).

**16.** By Dr. Ismail's evaluation plaintiff is unable to perform the requirements of light work set forth by the ALJ.

**17.** As recorded.

**18.** See opinion at 4–5.

**19.** *See* TITLES II AND XVI: DETERMINING CAPABILITY TO DO OTHER WORK—THE MEDICAL VOCATIONAL RULES OF APPENDIX 2, Sections 223(d)(2)(A) and 1614(a)(3)(B) of the Social Security Act and pertinent Regulations found in No. 4, Subpart P. and Appendix 2 and Regulations No. 16, Subpart I. SSR 83–10, set forth, in part, below:

■ "The function of a reviewing court is limited to determining whether the Secretary's findings are supported by substantial evidence considering the evidence as a whole." *Mims v. Califano*, 581 F.2d 1211, 1213 (5th Cir.1978). "Substantial evidence is more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 852 (1971). The court is still responsible for scrutinizing " 'the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding.' " *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir.1983) (quoting *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir.1982)). The Eleventh Circuit has gone on to state the following:

Our limited review does not, however, mean automatic affirmance, for although we defer to both the Secretary's factfinding and her policy judgments, we must still make certain that she has exercised reasoned decision making. To this end, we evaluate the Secretary's findings in light of the entire record, not only that evidence which supports her position.

*Owens v. Heckler*, 748 F.2d 1511 (11th Cir.1984).

The court must further consider whether the decision of the Commissioner contains a material error of law. In *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir.1987), the court held:

Despite this limited review, we scrutinize the record in its entirety to determine the reasonableness of the secretary's factual findings. *Bridges*, 815 F.2d at 624; *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir.1984). No similar presumption of validity attaches to the Secretary's legal conclusions, including determination of the proper standards to be applied in evaluating claims. *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir.1982).

■ Having evaluated the evidence, the court holds that substantial evidence does not support the decision denying disability benefits. Improper legal standards were applied. The ALJ failed to apply the pain standard set by the Eleventh Circuit. Dr. Ismail reported the objective signs (x-ray, muscle spasm). Drs. Ismail, Henderson, and Gehi all documented plaintiff's arthritis.[21] The ALJ failed to accept the opinion

---

b. *Light work*. The regulations define light work as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted in a particular light job may be very little, a job is in this category when it requires a good deal of walking or standing—the primary difference between sedentary and most light jobs. A job is also in this category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work....
*"Frequent"* means occurring from one-third to two-thirds of the time. Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8–hour workday.

20. Compare Dr. Ismail's PCE at 8–9.

21. "In *Walden v. Schweiker*, 672 F.2d 835, 839 (11th Cir.1982), we noted that arthritis is an affliction of such common occurrence that laboratory findings are unnecessary; the obvious manifestations of arthritis during a physical examination qualify as objective medical facts or clinical findings." *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir.1987).

of plaintiff's treating physician, relying instead on the "supposed" opinions of Drs. Henderson and Gehi. His reasoning for not accepting Dr. Ismail's opinion is flawed. Both Drs. Henderson and Gehi acknowledged Ms. Key's arthritis and **neither** contradicted pertinent portions of Dr. Ismail's opinion. The medical evidence establishes claimant's pain testimony is credible. The ALJ's failure to articulate explicit and adequate reasons for rejecting this testimony requires that it be accepted as true. *Brown v. Sullivan*, 921 F.2d at 1236 (citing *Hale v. Bowen*, 831 F.2d at 1011).

For the reasons set forth above the court **HOLDS** that the decision of the Commissioner is REVERSED. An order consistent with this opinion is being entered contemporaneously herewith.

### FINAL ORDER

In conformity with and pursuant to the memorandum opinion entered contemporaneously, it is

ORDERED, ADJUDGED and DECREED that the decision of the Commissioner of Social Security be and it hereby is REVERSED, and the case is REMANDED to the Commissioner with instructions that the plaintiff be granted the benefits claimed.

It is FURTHER ORDERED that the Commissioner withhold from payments which he may determine are due plaintiff under this order an amount not to exceed 25 percent of the total amount of disability benefits to which the plaintiff is entitled, pursuant to the provisions of section 206 of the Social Security Act, as amended 42 U.S.C. § 406(b). The Commissioner is directed to advise the court of the amount withheld so that the matter may be set for final determination of the amount of attorney's fees to be allowed plaintiff's counsel for services rendered in representing the plaintiff in this cause.

It is FURTHER ORDERED that pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, that plaintiff's attorney is hereby GRANTED an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration. *This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.*