**Frances B. WALDEN,
Plaintiff-Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services for the United States of America, Defendant-Appellee.**

**No. 81–7514.**

United States Court of Appeals, Eleventh Circuit.

April 5, 1982.

---

Westmoreland, Patterson & Moseley, Rudolph N. Patterson, Margaret C. Johnson, Macon, Ga., for plaintiff-appellant.

Bernard E. Namie, Asst. U. S. Atty., Macon, Ga., for defendant-appellee.

Before RONEY and KRAVITCH, Circuit Judges, and PITTMAN *, District Judge.

PITTMAN, District Judge:

The district court summarily affirmed and upheld the administrative denial of the claimant's application for disability insurance benefits under the Social Security Act. The claimant appeals.

The issue of this appeal is whether the District Court erred in affirming the finding of an Administrative Law Judge (ALJ) that the appellant was not disabled within the meaning of Sections 216(i)(1) and 223(d)(1)(A) of the Social Security Act and thus was not entitled to disability benefits.[1] We hold that the ALJ was in error in several critical respects: application of an improper legal standard, failure to address appellant's testimony and evidence in regards to subjective pain, lack of findings in regards to credibility, failure to develop a full and fair record and a total disregard for unrefuted evidence. There is not substantial evidence in the record to support the ALJ's decision. The plaintiff made out a prima facie case, therefore, the burden of producing evidence shifted to the defendant. The defendant did not offer any evidence to discharge its burden.

Appellant is a sixty-one year old female possessing a tenth grade education whose prior occupation was that of a garment factory "bundle" girl and sewing machine operator. The job required her to push buggies filled with fabric from one point in the plant to where the sewing machines were located, after which she would unload and remove the buggies and return for additional fabric. Her duties also required her to operate a sewing machine, stitching pockets on men's trousers. This obviously required considerable dexterity of the hands and fingers. She testified that the bundle job demanded continuous walking, stooping and the lifting of bundles weighing twelve to fifteen pounds for a straight shift of eight hours a day.

In the late 1960s appellant began to suffer progressive physical deterioration from what was ultimately shown to be rheumatoid arthritis. The condition worsened until in September of 1969 she testified she was unable to perform her duties and had missed so many days from work due to her ailment that she was forced to resign her employment.

At the hearing[2] before the ALJ, appellant testified that prior to her resignation her supervisor had been assisting her in her job duties, allowing her to sit and rest between trips to the sewing machines and generally watching out for her.

As to the physical manifestations of her condition and its deleterious effects, the appellant testified her knees and ankles became swollen to the point she could hardly stand. She could not grip with her hands due to swelling and pain. This condition also extended into her shoulders and was extremely painful. The pain was such that appellant would "go home at night and cry with my feet and soak 'em and everything before [she] could even fix supper for [her] family."

The only other witness at that time was appellant's daughter who was only asked the one question whether she had anything to add. She generally agreed with her mother's testimony.

---

* Honorable Virgil Pittman, U. S. District Judge for the Southern District of Alabama, sitting by designation.

1. A "disability" is defined as an:

   inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months[.]

   42 U.S.C. § 423(d)(1)(A), *Fortenberry v. Harris*, 612 F.2d 947, 949–50 (5th Cir. 1980).

2. The record reflects that the appellant was not represented by counsel at the hearing which lasted fifteen minutes. The Secretary asked no questions and presented no witnesses.

The great bulk of the hearing consisted of the ALJ's admonitions to appellant as to the quality of her evidence. In pertinent part he addressed her as follows:

[W]e must have medical records showing what your condition was up until June of 1973.[3]

\*   \*   \*   \*   \*   \*

I can ask you some questions asking you to relate back to what your condition was almost five years ago, but in the end I'm going to have to have medical records reflecting your state of health five or so years ago.

\*   \*   \*   \*   \*   \*

I'll ask you some questions . . . but in the absence of medical records your answers would mean very little.

The appellant, post-hearing, submitted to the ALJ a statement from one of her physicians, Dr. A. L. Lawrence. By deposition Dr. Lawrence testified he first saw appellant on April 20, 1972. He saw her eight times from April, 1972 through June, 1973. At that time he diagnosed, through physical examination, progressive rheumatoid arthritis. According to him the physical manifestations of the disease were so obvious, laboratory or other clinical tests were unnecessary. He prescribed aspirin, the accepted treatment for arthritis. He further opined that "based on her inability to perform smaller movements and stand and to work and weight bear" appellant was disabled prior to June of 1973.

In his opinion denying the claim, the ALJ's findings were few. However, he did state the following:

It is well established that it is the duty of the claimant to provide objective clinical *and* medical findings and other evidence to prove entitlement. . . . (emphasis added).

\*   \*   \*   \*   \*   \*

None of the treating physicians were able to give an opinion of claimant's condition in June, 1973, when she last met the earnings requirements. Although it is their opinion that she is now disabled, the medical evidence shows she did not start receiving treatment for her rheumatoid arthritis prior to April, 1975. Dr. Andrew L. Lawrence did say that he saw the claimant in April, 1972, for pain in her feet, arms and shoulders. However, no objective or clinical findings are presented here.

Review of a case such as the one before us is exceedingly limited. This court's sole function is to determine whether there is substantial evidence in the record to support the conclusion of the Secretary of Health and Human Services. *Davis v. Schweiker*, 641 F.2d 283, 285 (5th Cir. 1981); *Flowers v. Harris*, 616 F.2d 776 (5th Cir. 1980).

It is recognized that a very heavy burden rests upon the claimant to establish the existence of a disability. *See Johnson v. Harris*, 612 F.2d 993, 996–97 (5th Cir. 1980). The burden is so stringent that it has been characterized as bordering on the unrealistic. *Williams v. Finch*, 440 F.2d 613, 615 (5th Cir. 1971) (Ainsworth, J.). Notwithstanding this burden and the limited scope of review, the court can reverse a finding of the Secretary if not supported by substantial evidence. 42 U.S.C. § 405(g).[4] This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding. *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980). In its review, however, the court abstains from reweighing the evidence or substituting its own judgment for that of the Secretary. *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977).

■ Substantial evidence is "more than a scintilla, and must do more than create a

---

**3.** It is undisputed that appellant's insured status for purposes of receiving disability benefits expired June 30, 1973. Therefore, her condition on or before that date is determinative.

**4.** *See McDaniel v. Harris*, 639 F.2d 1386, 1389 n. 3 (5th Cir. 1981), for a list of cases in which we have reversed the Secretary's finding of no disability because not supported by substantial evidence.

suspicion of the existence of the fact to be established. 'It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *NLRB v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660, 665 (1939), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126, 140 (1938); *accord Anderson v. Schweiker*, 651 F.2d 306, 308 (5th Cir. 1981).

■ Therefore, this court, like the ALJ, must consider the evidence as a whole, *Simmons v. Harris*, 602 F.2d 1233, 1236 (5th Cir. 1979), including "(1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability as testified to by the claimant and corroborated by [a spouse], other members of the family, [her] neighbors and others who have observed [her], and (4) the claimant's age, education and work history." *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir. 1972).

■ The initial erroneous premise of the ALJ upon which he based his decision was that the appellant did not make out a prima facie case of disability because she did not submit medical records of her pre-June, 1973 condition. To satisfy this primary phase of her burden the appellant is required to demonstrate that she is no longer capable of performing her past work. *Perez v. Schweiker*, 653 F.2d 997, 999–1000 (5th Cir. 1981). *See* 20 C.F.R. §§ 404.1503 *et seq.*

■ Appellant's testimony was that in 1969 she could no longer perform the tasks at her job and therefore resigned. Her physician, Dr. Lawrence, based his evaluation of her disability on the requirements of standing, stooping, lifting and walking. He further testified she was unable to perform gross manipulation due to pain and swelling in her hands. This testimony stands uncontradicted. An administrative law judge may not arbitrarily reject uncontroverted medical testimony. *Goodley v. Harris*, 608 F.2d 234 (5th Cir. 1979).

First the ALJ was in error in finding there were no objective or clinical findings to support the appellant's claim. The appellant's doctor described the appellant's condition after he had made a physical examination of her "entire joint structure, the fingers, the hands, the elbows and knees, all of the joints that can be affected ... from a clinical standpoint the lady did have pain and she did hurt when you moved her joints, manipulated the joints as we call it, she did have pain on abduction, or movement away from the body at the shoulders, and she had pain in her hands when she would grip round objects...." *See DePaepe*, 464 F.2d at 94–95. It appears the ALJ would require some laboratory tests to validate the doctor's diagnosis. Arthritis is an affliction of such common occurrence these obvious manifestations are common knowledge. Such evidence, uncontradicted, qualifies as an example of the first *DePaepe* factor. Laboratory tests are not mandated.

■ Furthermore, the ALJ's requirement of objective clinical and medical findings to establish a prima facia case is a misreading of *DePaepe* and its progeny. The ALJ imposed an improper legal standard. A single factor is not in and of itself conclusive, but the four elements are to be considered together in arriving at a determination of disability. In *DePaepe* the court said "[i]t is obvious that *all* of these elements of proof must be considered together and in combination with each other, and not just one or two with the others excluded." (emphasis in original). *Id.* It is error to disregard any one of these elements. *Rodriquez v. Schweiker*, 640 F.2d 682, 685 (5th Cir. 1981).

The unrefuted evidence in the record leads to a discussion of the ALJ's inadequate findings. To reach his conclusion, the ALJ necessarily had to disbelieve or disregard the testimonies of Dr. Lawrence, the appellant and her daughter, yet there were no findings as to credibility. *Id.* Such findings are necessary and crucial where subjective pain is an issue. *Scharlow v. Schweiker*, 655 F.2d 645, 648–49 (5th Cir.

1981); *Benson v. Schweiker*, 652 F.2d 406, 409 (5th Cir. 1981).

 The appellant's own testimony revealed the severe pain accompanying her malady. Her physician and daughter corroborated this testimony. *See Flowers*, 616 F.2d at 778. It is well established in the Fifth and Eleventh Circuits that pain alone can be disabling, even when its existence is unsupported by objective evidence. *E.g.*, *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981). Since pain alone or in conjunction with other impairments can give rise to a disability, the ALJ must consider subjective evidence of pain. Failure to do so is reversible error. *Scharlow*, 655 F.2d at 648. In the case at bar the ALJ failed to make any specific findings as to appellant's allegations of pain. Instead, he placed all of his emphasis on the paucity of "medical evidence" or "records".

There was no contrary or conflicting testimony submitted. As such, the opinion, diagnosis and medical evidence of the treating physician, who saw the appellant eight times prior to June, 1973, should have been accorded considerable weight. *Smith v. Schweiker*, 646 F.2d 1075, 1080 (5th Cir. 1981).

Appellant's unrefuted evidence established she was unable to perform her prior work. Having so established a prima facie case, the burden shifted to the Secretary to show that the appellant is capable of engaging in some substantial gainful activity. *Millet v. Schweiker*, 662 F.2d 1199, 1201 (5th Cir. 1981). The Secretary offered no evidence in support of his burden.

Due to the perfunctory manner of the hearing, the quality and quantity of errors pointed out, and the lack of substantial evidence to support the ALJ's decision, this court is of the opinion the appellant has suffered an injustice. This case is hereby reversed and judgment rendered for the appellant.

REVERSED AND RENDERED.