German REYES, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health & Human Services, Defendant.

No. 83–6901–Civ–JCP.

United States District Court, S.D. Florida.

Oct. 26, 1984.

not remit damages, as explained at pages 31–32 above.

Lyle D. Lieberman, Miami, Fla., for plaintiff.

Ana T. Barnett, Asst. U.S. Atty., Miami, Fla., for defendant.

## ORDER

PAINE, District Judge.

The Court hereby finds the following:

1.  This action was pending before this Court on September 19, 1984;

2.  This action raises the issue of whether an individual who has had his entitlement to benefits under Title II, XVI, or XVIII of the Social Security Act based on disability terminated (or period of disability ended) should not have had such entitlement terminated (or period of disability ended) without consideration of whether there has been medical improvement in the condition of such individual (or another individual on whose disability such entitlement is based) since the time of a prior determination that the individual was under a disability.

Accordingly, it is

ORDERED and ADJUDGED that this action be and hereby is remanded to the Secretary of Health and Human Services pursuant to Section 2 of the Social Security Disability Benefits Reform Act of 1984 for review in accordance with the provisions of the Social Security Disability Benefits Reform Act of 1984.

### REPORT AND RECOMMENDATION

Mr. Reyes filed an application for Disability Insurance Benefits on December 16, 1981, alleging disability from June 22, 1980 due to a back injury and severe back pain. (Tr. 52). After being denied initially (Tr. 59) and upon reconsideration (Tr. 67), he filed a Request for Hearing (Tr. 27) and subsequently appeared before an Administrative Law Judge on August 18. (Tr. 28).

The ALJ found that Plaintiff was disabled from June 22, 1980 until April 30, 1982, when his disability ceased because he could perform sedentary work activity, and that under the Medical-Vocational Guidelines, he was not disabled. (Tr. 17). Plaintiff filed a timely Request for Review with the Appeals Council; it declined to review the decision of the ALJ, which then became the final decision of the Secretary. (Tr. 2). Plaintiff has filed a motion for summary judgment; counsel for the Secretary has notified the U.S. Magistrate that the Government will not file in opposition to Plaintiff's motion.

The record shows that German Reyes was born on October 11, 1934, and was 47 years of age at the end of April, 1982, the date on which the ALJ found his disability to have ceased. Mr. Reyes was born in Cuba and has a 4th grade education. He testified through an interpreter. He does not speak English, except for short phrases. (Tr. 44). He can neither read nor write in English. (Tr. 43). His prior relevant work was as a maintenance man and assistant embroidery machine operator (he did not operate the machine). (Tr. 34).

Mr. Reyes has undergone two back surgeries, a diffuse sacral disc operation in August, 1980 (Tr. 94), and another laminectomy at L-4, 5 and S-1 in April, 1981. Mr. Reyes testified that despite the surgery, his pain continues. The pain is in his hip and radiates down the right side. He can walk two blocks, stand 10-12 minutes and sit down between 10 and 12 minutes. He can lift between 5 and 10 pounds, but cannot bend. (Tr. 36-37).

Medical evidence includes the report of the treating orthopedic surgeon, Dr. Sanchez-Medina (Tr. 93, 115). A report dated September 8, 1982 indicates that the Plaintiff was limited to lifting not more than 10-15 pounds, on a non-repetitive basis, and that Mr. Reyes should not be required to sit or stand for long periods of time. (Tr. 115). On January 28, 1982, Mr. Reyes was examined by Dr. Salvador Ramirez, a consulting orthopedic surgeon for the SSA. Dr. Ramirez found Mr. Reyes to have continued back pain with radiation to his right lower extremity. Forward flexion was approximately 20% of normal, forward extension was 5% of normal. Right and left bending was 50% of normal and the straight leg raising test was positive at 80°, bilaterally. Reflexes were hypoactive and X-rays showed a Grade II spondylolisthesis. (Tr. 110-112). On April 19, 1982, Mr. Reyes was examined by Dr. Patrick J. Barry with regard to a Workers Compensation claim. The X-rays showed spondylolisthesis at L-5, S-1, and a solid fusion. Dr. Barry found no obvious spasms, negative straight leg raising test, and mildly depressed reflexes on the right. Dr. Barry attempted to relieve Mr. Reyes' pain with injections, but the pain immediately returned to the "prior extent". Dr. Barry suggested Mr. Reyes was fit for light work, and would hold his lifting to 40 pounds or less, with no repeated bending or lifting. (Tr. 113-114).

The decision of the ALJ places more weight on the comments of an adversarial physician employed by a worker's compensation carrier than on those of the Plaintiff's treating physician or the SSA's own consultant. The ALJ's use of the Medical-Vocational Guidelines is erroneous because the medical evidence establishes that the Plaintiff cannot perform a full range of sedentary work, and is illiterate. As that evidence indicates that Mr. Reyes cannot perform a full range of even sedentary work, and would be mandated disabled even if he *could, arguendo,* perform a full range of sedentary work (20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201.17), the ALJ's decision must be reversed. This cause should be remanded with direction to continue Mr. Reyes benefits. To further particularize, the Court finds, as the Plaintiff accurately argued:

1. The Secretary erred in finding that Mr. Reyes was literate in English. The Plaintiff testified that he was educated to the 4th grade in Cuba, and that he neither reads nor writes in English. He does not speak English except for short phrases. (Tr. 43-44). The Secretary's

Regulations provide that an education below the 6th grade is considered "marginal", and inability to read and write a simple message such as instructions or inventory lists in English is considered illiteracy. (20 C.F.R. Section 404.1564). Consequently, the Secretary erred in applying Rule 201.18 to Mr. Reyes; that Vocational Rule requires at least literacy and the ability to communicate in English. Rule 201.17 applies to Mr. Reyes who is both illiterate and unable to communicate in English, and mandates a finding of disabled.

2. The Secretary erred in rejecting Plaintiff's testimony of pain and limitation.

█ The medical evidence shows that Mr. Reyes underwent major back surgery on two occasions over the period of a year to correct a congenital deformity and relieve pain from an injury. His treating orthopedic surgeon, Dr. Sanchez-Medina, indicated that Mr. Reyes, even after the surgeries, was unable to lift more than 15 pounds on a non-repetitive basis, or sit or stand for long periods. (Tr. 1115). This conforms with the testimony of Mr. Reyes, and is supported by both clinical and laboratory testing over the period from August, 1980 through September, 1982. Even the SSA's consulting orthopedic surgeon, Dr. Salvador Ramirez, found severe limitation of motion in the back and positive straight leg raising, bilaterally, and hypoactive reflexes. His X-rays showed a Grade II spondylolisthesis. (Tr. 110–112). Thus the ALJ's belief (that the Plaintiff's testimony was not supported by the medical evidence) was erroneous. Furthermore, the ALJ's finding is not supported by substantial evidence. In discrediting the Plaintiff's testimony, the ALJ has ignored the report of the treating physician, and used an improper legal standard by requiring medical verification of the Plaintiff's subjective complaints of pain. *Boyd v. Heckler*, 704 F.2d 1207 (11th Cir.1983); *Walden v. Schweiker*, 672 F.2d 835 (11th Cir.1982).

█ 3. The Secretary erred in rejecting the opinion of Mr. Reyes' longtime treating orthopedic surgeon, Dr. Sanchez-Medina. Court of Appeals decisions require that, absent good cause to the contrary, the testimony of the treating physician must be accorded substantial weight. *Fruge v. Harris*, 631 F.2d 1244 (5th Cir.1980). "It is not only legally relevant, but unquestionably logical that the opinions, diagnosis, and medical evidence of a treating physician whose familiarity with the patient's injuries, course of treatment, and responses over a considerable length of time, should be given considerable weight." *Smith v. Schweiker*, 646 F.2d 1075, 1080 (5th Cir. 1981). As the opinion of Dr. Sanchez-Medina is substantiated by extensive clinical and laboratory findings, it is entitled to greater weight than that of the physician who examined Mr. Reyes for the Worker's Compensation carrier. As Dr. Sanchez-Medina has opined that Mr. Reyes' condition would not permit him to either stand or sit for prolonged periods of time (Tr. 115), and a full range of sedentary work requires substantial sitting (approximately 6 out of 8 hours, 20 C.F.R. Section 404.1567(a), SSR 83–10), Mr. Reyes cannot perform a full range of sedentary work.

█ Once the claimant has established a prima facie case by demonstrating that he can no longer perform his former employment, the burden shifts to the Secretary to establish that the claimant can perform other substantial gainful employment. *DePaepe v. Richardson*, 464 F.2d 92, 100 (5th Cir.1972). As the claimant's testimony and the medical evidence establish that he cannot perform a full range of even sedentary work, a finding of disability is warranted. 20 C.F.R. Part 404, Subpart P, Appendix 2, Section 201.00(h). Furthermore, even if Mr. Reyes *were* able to perform a full range of sedentary work, Rule 201.17 would be applicable and would mandate a finding of disability.

█ 4. When the evidence has been fully developed and unequivocally points to a specific finding, the reviewing Court may enter the finding that the Secretary should have made. *Gardner v. Smith*, 368 F.2d 77, 86 (5th Cir.1966); *DePaepe v. Richardson*, 464 F.2d 92 (5th Cir.1972). The evi-

dence in the present case has been sufficiently developed to establish that Plaintiff Reyes continues to be disabled as defined in the Secretary's regulations. Consequently, the Court concludes as a matter of law that the record establishes that Mr. Reyes cannot perform his prior relevant work or any other work existing in the national economy within his residual functional capacity. Because the record establishes Mr. Reyes' entitlement to continued benefits, this Court Recommends that this case be remanded to the Secretary with directions to enter an award of continued Disability Insurance Benefits for Mr. Reyes.

Pursuant to statute, the parties may file and serve written objections to this recommendation with the Honorable James C. Paine, United States District Judge, within ten (10) days of receipt thereof.

/s/ Peter Nimkoff
PETER L. NIMKOFF
UNITED STATES MAGISTRATE