[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 23, 2005
THOMAS K. KAHN
CLERK

No. 05-11571
Non-Argument Calendar

_____

D. C. Docket No. 04-02458-CV-4-IPJ

LISA BURT,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, Commissioner
of Social Security Administration,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 23, 2005)

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Lisa Burt appeals the order of the district court that affirmed the denial of

her application for supplemental security income ("SSI") benefits, 42 U.S.C.

§ 1383(c)(3). Burt argues that she is entitled to benefits under Listing 12.05(C), 20 C.F.R. Pt. 404, Subpt. P, App. 1, because she met her burden of proof to present medically acceptable evidence that satisfies Listing 12.05(C) by presenting an "estimated full scale IQ" of 67. She contends that the administrative law judge ("ALJ") should have clarified the issue with the testing doctor or ordered additional testing if the ALJ doubted the validity of the IQ score estimated by psychologist Dr. M.D. Lyons. Because the denial of SSI benefits was supported by substantial evidence and the ALJ applied the correct legal standards, we affirm.

We review a social security case to determine whether the ALJ's decision is supported by substantial evidence and whether the correct legal standards were applied. See Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). Substantial evidence is "such relevant evidence as the reasonable mind might accept as adequate to support a conclusion." Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982); see also Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) ("Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion."). We may not reweigh the evidence or substitute our own judgment for that of the ALJ, even if we find that the evidence preponderates

2

against the ALJ's decision. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A claimant applying for SSI benefits bears the burden to prove that she is disabled, within the meaning of 42 U.S.C. § 423(d)(1)(A). Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999).

The Social Security regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled: (1) The disability examiner determines whether the claimant is engaged in "substantial gainful activity." (2) If not, the examiner decides whether the claimant's condition or impairment is "severe," i.e., whether it significantly limits claimant's physical or mental ability to do basic work activities. (3) If so, the examiner decides whether the claimant's impairment meets or equals the severity of the specified impairments in the Listings of Impairments, thereby precluding any gainful work activity. (4) If the claimant has a severe impairment that does not meet or equal the severity of an impairment in the Listings, the examiner assesses a claimant's "residual functional capacity," which measures whether a claimant can perform past relevant work despite the impairment. (5) Finally, if the claimant is unable to do past relevant work, the examiner determines whether in light of residual functioning capacity, age, education, and work experience, the claimant can perform other work. See Crayton v. Callahan, 120 F.3d 1217, 1219 (11th Cir. 1997).

To "meet" a Listing in Step 3, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement. See 20 C.F.R. §§ 404.1525(a)-(d), 416.925(a)-(d). To "equal" a Listing in Step 3, the medical findings must be "at least equal in severity and duration to the listed findings." See id. §§ 404.1526(a), 416.926(a). The claimant has the burden of proving that an impairment meets or equals a listed impairment. Barron v. Sullivan, 924 F.2d 227, 229 (11th Cir. 1991).

Listing 12.05 states the following:

Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied. . . . C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05 (emphasis added). Listing 12.00(D)(6)(c) further provides that "where more than one IQ is customarily derived from the test administered, e.g., where verbal, performance, and full scale IQs are provided, in the Weschler series, we use the lowest of these in conjunction with 12.05." Id. § 12.00(D)(6)(c); Hodges v. Barnhart, 276 F.3d 1265, 1268 n.1 (11th Cir. 2001). "[A] claimant meets the criteria for presumptive disability under

4

Listing 12.05(C) when the claimant presents a valid IQ score of 60 to 70 and evidence of additional mental or physical impairment." Hodges, 276 F.3d 1269. We have held that "IQ tests create a rebuttable presumption of a fairly constant IQ throughout [a claimant's] life." Id. at 1268.

Despite the presumption that attaches based on a valid IQ, even "a valid IQ score need not be conclusive of mental retardation where the IQ score is inconsistent with other evidence in the record on the claimant's daily activities and behavior." Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992). "Although the ALJ is allowed some leeway to evaluate other evidence when determining the validity of an IQ score, an ALJ may not consider a claimant's age, education, and work experience after the ALJ accepts the IQ score as valid and finds that the claimant meets or equals the criteria of a listed impairment." Id. at 837.

Upon thorough review of the ALJ's order, the administrative, medical, and district court records, the district court's order, and the parties' briefs, we find that the ALJ applied the proper legal standards and that substantial evidence supported his conclusion that Burt was not mentally retarded, within the meaning of Listing § 12.05.[1] Because the ALJ properly gave Burt's testimony and her physician's reports due weight, which included making an adverse credibility finding as to

---

[1] We note that the district court similarly concluded that the ALJ's conclusion that Burt was not mentally retarded was supported by substantial evidence.

Burt's testimony, as well as considered Burt's alleged impairments, including mental impairment, the ALJ did not err in determining that Burt was not disabled. In reaching this conclusion, we observe that an "estimated IQ score" simply is not the equivalent of the "valid IQ score of 60-70" required by the Listings and Hughes. Burt does not cite, and our own research has not revealed, any authority for her position that the ALJ was required to adopt such a methodology or to find Burt satisfied her burden with an estimated score.[2]

Based on the foregoing, we affirm the denial of SSI benefits.

**AFFIRMED.**

---

[2] Even if we found that an estimated score satisfied the Listing, Burt still would not meet her burden since she did not present evidence on the other requirements of Listing 12.05, such as deficits in adaptive functioning consistent with the diagnostic description of mental retardation. Cf. Crayton, 120 F.3d at 1219 ("To be considered for disability benefits under section 12.05m a claimant must at least (1) have significantly subaverage general intellectual functioning; (2) have deficits in adaptive behavior; and (3) have manifested deficits in adaptive behavior before age 22." (emphasis added)).