[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 3, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16058
Non-Argument Calendar

_____

D. C. Docket No. 05-00070-CV-CDL-3

JOHN GARRETT,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(July 3, 2007)**

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

John Garrett appeals the judgment of the district court that affirmed the

denial of Garrett's application for supplemental security income benefits. Garrett

argues that the administrative law judge erred when he rejected Garrett's IQ score,

failed to follow the sequential evaluation of disability, and failed to invoke the

rebuttable presumption that an IQ score represents a claimant's lifelong intellectual

capacity, as explicated in Hodges v. Barnhart, 276 F.3d 1265 (11th Cir. 2001).

Because the denial of Garrett's supplemental security income was supported by

substantial evidence and the ALJ applied the correct legal standards, we affirm.

We review a social security appeal to determine whether the decision of the

ALJ is supported by substantial evidence and whether the ALJ applied the correct

legal standards. See 42 U.S.C. § 405(g); Crawford v. Comm'r of Soc. Sec., 363

F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is "such relevant evidence

as the reasonable mind might accept as adequate to support a conclusion." Walden

v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982). We review de novo the decision

of the district court regarding whether substantial evidence supports the findings of

the ALJ. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002).

Because the ALJ did not reject Garrett's IQ score, Garrett's first argument

fails. The ALJ recognized that Garrett's IQ score was low, but found that Garrett's

impairments did not meet any condition in the listing category for mental

retardation. 20 C.F.R. pt. 404, subpt. p, app. 1, § 12.05. Specifically, the ALJ

found that Garrett did not have the required deficits in adaptive functioning.

Garrett contends that the ALJ erroneously evaluated Garrett's alleged disability when the ALJ considered whether Garrett was capable of performing work he had done in the past. The ALJ was required to follow five sequential steps in the evaluation of Garrett, see 20 C.F.R. § 404.1520(a)(4), but Garrett argues that the ALJ erroneously skipped step three of that evaluation. Garrett's argument fails.

The record establishes that the ALJ did not omit any steps in his evaluation of Garrett's alleged disability. The ALJ considered Garrett's work history and ability to perform past work, factors considered during step four of the sequence, only after the ALJ had decided that Garrett did not qualify as disabled under step three. Contrary to Garrett's argument, the ALJ correctly followed the sequential process.

Garrett argues that the ALJ erred when he failed to employ the Hodges presumption that an IQ score represents a claimant's lifelong intellectual capacity. Hodges, 276 F.3d at 1268-1269. It was not error for the ALJ not to mention the Hodges presumption because the ALJ did not challenge that Garrett's low IQ began before age twenty-two.

Substantial evidence supports the denial by the ALJ of Garrett's claim for social security disability benefits. The record supports the finding by the ALJ that

3

the required limitations to adaptive functioning were not present, despite Garrett's low IQ score.  Garrett is able to cook simple meals; perform chores such as dishwashing and yard work; and build model cars.  Garrett's daily activities include church attendance, television viewing, card playing, and walking in the mall.  Garrett also testified that, with orientation and instruction, he believed he could return to a job as a stock assistant.

The judgment of the district court is

**AFFIRMED.**