[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 7, 2007
THOMAS K. KAHN
CLERK

No. 07-12136
Non-Argument Calendar
_____

D. C. Docket No. 05-00481-CV-OC-10-GRJ

JAMES BLISS,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 7, 2007)

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

James Bliss appeals the judgment of the district court that affirmed the

denial of Bliss's application for supplemental security income and disability insurance benefits. Bliss argues that the ALJ erred when it assigned minimal weight to the opinion of Bliss's treating physician and failed to obtain the testimony of a vocational expert. We affirm.

We review a social security appeal to determine whether the decision of the ALJ is supported by substantial evidence and whether the ALJ applied the correct legal standards. See 42 U.S.C. § 405(g); Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is "such relevant evidence as the reasonable mind might accept as adequate to support a conclusion." Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982). We review de novo the decision of the district court regarding whether substantial evidence supports the findings of the ALJ. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002).

Bliss first argues that the ALJ erred when it discounted the testimony of Bliss's treating psychologist, C. Brooks Henderson, Ph.D. An ALJ may reject the opinion of a treating physician, which ordinarily receives substantial weight, where "good cause" is established. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). "This Court has concluded 'good cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent

with the doctor's own medical records." Id. at 1240–41. If the ALJ disregards the opinion of a treating physician, the ALJ must clearly articulate his reasons. Id. at 1241.

The ALJ articulated several reasons for discounting the opinion of Dr. Henderson, and the record supports the decision of the ALJ. The ALJ determined that Dr. Henderson's ultimate conclusion of mental impairment was inconsistent with his own treatment notes that characterized Bliss as "pleasant, friendly, cooperative, oriented, alert, bright, and introspective with no thought disorder." The record also established that Dr. Henderson observed Bliss on only two occasions during the relevant period and the evaluation form containing Dr. Henderson's conclusions was completed five years later. Several other examining doctors confirmed that Bliss's Post Traumatic Stress Disorder did not severely limit his ability to work, and the daily activities reported by Bliss contradicted Dr. Henderson's responses on the evaluation form. Because "good cause" existed to reject the opinion of Dr. Henderson and the ALJ articulated specific reasons that are supported by the record, the ALJ did not err when it assigned minimal weight to Henderson's opinion.

Bliss next argues that the ALJ erred when it failed to obtain testimony from a vocational expert. Vocational expert testimony is not necessary when the ALJ

concludes a claimant can perform his past relevant work. See Lucas v. Sullivan, 918 F.2d 1567, 1573 n.2 (11th Cir. 1990). Testimony from a vocational expert becomes relevant at the fifth step of the evaluation process, when determining whether jobs exist in the national economy that the claimant can perform. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). Bliss does not challenge the finding of the ALJ that Bliss possessed the residual functional capacity to perform his past relevant work. Despite Bliss's contention to the contrary, testimony from a vocational expert was unnecessary.

Because the decision of the ALJ is supported by substantial evidence, the judgment of the district court is

**AFFIRMED.**