[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-13416

Non-Argument Calendar

_____

NORMAN CHRISTOPHER TRUESDELL,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cv-00886-DCI

_____

Before JORDAN, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Norman Christopher Truesdell appeals the district court's order affirming the Social Security Administration's denial of his application for disability insurance benefits and supplemental security income. After a thorough review, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In May 2007, Truesdell filed an application for disability benefits and supplemental security income. His application was denied by the Administration initially and upon reconsideration. He requested and received a hearing before an administrative law judge.

In August 2009, after holding a hearing, the administrative law judge determined that Truesdell wasn't disabled and denied his application. After appealing that decision, Truesdell received a second hearing, in January 2012, before a second administrative law judge who, like the first, determined that Truesdell wasn't disabled. Truesdell appealed again, and the Administration agreed to reopen his case and remand again for further proceedings.

In October 2015, Truesdell received a third hearing in front of the same administrative law judge that presided over his second hearing. Once again, that administrative law judge determined that Truesdell wasn't disabled. Truesdell appealed one more time, and a magistrate judge reversed and remanded for another hearing.

On remand, Truesdell's case was assigned to a third administrative law judge and, in 2018, Truesdell received a fourth hearing. At that hearing, Truesdell testified about his condition. He explained that he initially applied for disability benefits in 2007 after he stopped working when he ruptured three discs in his spine. At that time, he weighed about 290 pounds. From 2007 to 2009, Truesdell experienced back pain and suffered from headaches "[f]our to five times a month." In 2009, he was diagnosed with chronic obstructive pulmonary disease, commonly known as COPD.

Truesdell testified that his COPD prevented him from working because he had trouble breathing and had to use a nebulizer. In 2011, he was diagnosed with congestive heart failure, for which he took blood pressure medicine regularly. Truesdell testified that he also experienced anxiety attacks but that he didn't take any medication for anxiety because he didn't "have it often." Truesdell also explained that he couldn't "do much" because of his conditions. He estimated that, when he applied for disability benefits in 2007, he could only sit for twenty minutes at a time and stand for fifteen minutes at a time and, at the time of the hearing, estimated he could only sit for twenty minutes at a time.

Dr. Subramaniam Krishnamurthi, a non-treating physician who assessed Truesdell for purposes of determining his eligibility for disability benefits, also testified about Truesdell's condition. Dr. Krishnamurthi testified that Truesdell suffered from degenerative joint disease of the lumbosacral spine, mild COPD, obesity,

hypertension, and chronic migraine headaches.  According to Dr. Krishnamurthi, Truesdell could sit for six hours and stand or walk for four to six hours combined, per eight-hour workday.

A vocational expert testified that someone with Truesdell's limitations, who could only do sedentary work, could work as a table worker, fruit sorter, and final assembler.  The vocational expert explained that each of those jobs could be performed "sitting or standing at a workstation as long as the person continues to be productive."  Truesdell's counsel then asked the expert if Truesdell could still perform those jobs if he could only sit for four hours and stand for two.  The expert responded that, regardless of the combination, to perform those jobs an individual needed to work eight hours in a day.

The administrative law judge also considered Truesdell's medical records.[1]  They showed that, from 2008 to 2018, Truesdell received treatment for a number of ailments, including shortness of breath, lower back pain, chest pain, and foot pain.  And Truesdell's records showed that he was obese and was diagnosed with asthma, COPD, and hypertension.

The administrative law judge also considered medical opinions, from both treating and non-treating doctors, concerning Truesdell's symptoms and ability to work.  Two of those opinions are particularly relevant to Truesdell's appeal.  First, Dr. Vaduvur

---

[1] Truesdell's medical records are extensive—over 1,100 pages—so we discuss only those portions which are critical to our discussion.

Narayan assessed Truesdell in 2008 for purposes of determining his residual functional capacity. Based on Truesdell's obesity, COPD, asthma, back pain, and knee pain, Dr. Nayaran concluded that Truesdell could stand, walk, and sit for about six hours each in an eight-hour workday.

Second, Dr. Donna Lester assessed Truesdell in 2014 "only for the purpose of providing information to the state disability office for [its] use in making a determination of disability" and not "for any diagnostic, treatment or follow-up purposes." Dr. Lester noted that Truesdell suffered from back pain, headaches, and hypertension, but he walked "without difficulty" and had normal motor skills. Dr. Lester concluded that Truesdell could sit, stand, and lift or carry between eleven and twenty pounds "frequently"—meaning one- to two-thirds of an eight-hour workday. Later in her report, Dr. Lester opined that Truesdell could sit for four hours, stand for two hours, and walk for two hours in an eight-hour workday. Dr. Lester also determined that Truesdell could never kneel, crouch, crawl, or lift or carry over twenty pounds, and that Truesdell could only "occasionally"—up to one-third of an eight-hour workday—climb stairs, climb ladders or scaffolds, balance, stoop, and be exposed to unprotected heights.

Dr. Lester found that Truesdell could "continuously"—over two-thirds of an eight-hour workday—lift or carry up to ten pounds; use his hands and feet; move mechanical parts; operate a motor vehicle; and be exposed to humidity, wetness, dust, odors, fumes, pulmonary irritants, extreme cold and heat, and vibrations.

Dr. Lester also found that Truesdell's impairments did not limit his vision or hearing and that Truesdell could: perform activities like shopping; travel without a companion or assistance; ambulate without using a wheelchair, walker, two canes, or two crutches; walk a block at a reasonable pace on rough or uneven surfaces; use standard public transportation; climb a few steps at a reasonable pace with the use of a single hand rail; prepare a simple meal and feed himself; care for his personal hygiene; sort, handle, or use paper; and tolerate "very loud" noise.

After considering the evidence, the administrative law judge found that Truesdell was not disabled and denied him disability benefits. First, the administrative law judge concluded that Truesdell was "capable of making a successful adjustment to other work" based on the vocational expert's testimony and the medical opinion testimony in the record. Discussing the medical opinion testimony, the administrative law judge explained that she gave "great weight" to Dr. Narayan's assessment that Truesdell could sit, stand, and walk for six hours each in an eight-hour workday because it was "consistent with the record as a whole." The administrative law judge concluded that Dr. Lester's assessment of Truesdell's limitations was "more than generous" but found that Truesdell would be "limited to a restricted range of sedentary work which [was] consistent with the restrictions given by Dr. Lester."

Second, the administrative law judge found that, even though Truesdell's conditions could cause his symptoms, his "statements concerning the intensity, persistence and limiting

effects of [his] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." The administrative law judge explained that Truesdell's "medical records" and "other evidence" didn't "support limitations at the level of severity [he] alleged."

Truesdell challenged the administrative law judge's decision in the district court, arguing that the administrative law judge (1) failed to adequately explain the weight given to Dr. Lester's opinion, and (2) failed to explain why his testimony was inconsistent with the record.

The district court affirmed the administrative law judge's decision. The district court concluded that, even though the administrative law judge failed to assign an explicit weight to Dr. Lester's opinion, the judge's lengthy discussion of Dr. Lester's testimony showed that she "clearly considered it" and rejected some of Dr. Lester's "too generous" conclusions. The district court also explained that Dr. Lester's opinion was "not entitled to great weight" because she was only a "consultative physician." As to Truesdell's testimony, the district court concluded that the administrative law judge's extensive discussion of his medical history "provided explicit and adequate reasons" to discredit Truesdell's assessment of his own disabilities, which was "sufficient enough to show that the [administrative law judge] considered [his] medical condition as a whole in making the credibility determination."

## STANDARD OF REVIEW

We review de novo whether the Administration's benefits and supplemental security income decisions are supported by substantial evidence. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "Substantial evidence" is any "relevant" evidence, "more than a scintilla" but less than a preponderance, that a "reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) (citations omitted). If substantial evidence supports the administrative law judge's decision, we won't disturb it. *Id.* We don't "decide the facts anew," make credibility determinations, or "reweigh the evidence." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

## DISCUSSION

Truesdell argues that: (1) the administrative law judge erred by failing to state the weight that she gave to Dr. Lester's medical opinion; (2) the administrative law judge erred by failing to explain why Truesdell's testimony wasn't entirely credible; and (3) we should reverse and remand for an award of benefits because the prolonged proceedings before the Administration created an injustice. We address each of these arguments below.

### *Substantial Evidence Supports the Administrative Law Judge's Decision Not to Credit Dr. Lester's Assessment*

An individual claiming eligibility for disability benefits has the burden to prove his disability. *See Moore*, 405 F.3d at 1211.

20-13416                Opinion of the Court                9

The administrative law judge uses a five-step process to determine whether a claimant is disabled.[2] *Winschel*, 631 F.3d at 1178. If, at any step, the administrative law judge finds the claimant isn't disabled, the administrative law judge makes the "determination or decision and . . . do[es] not go on to the next step." 20 C.F.R. § 404.1520(a)(4).

In assessing a claimant's residual functional capacity at the fourth step, the administrative law judge considers the claimant's "ability to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. § 404.1545(a)(4). The administrative law judge must consider "all of the relevant medical and other evidence." *Id.* § 404.1545(a)(3). And, in reviewing the evidence, the administrative law judge "must state with particularity the weight given to different medical opinions and the reasons therefor."

---

[2] The social security regulations outline the five sequential steps for determining a claimant's disability status:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity . . . assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's [residual functional capacity], age, education, and work experience.

*Winschel*, 631 F.3d at 1178 (citation omitted).

*Winschel*, 631 F.3d at 1179.  But the administrative law judge is not required to discuss every piece of evidence, so long as the decision is not a "broad rejection" that would prevent us from finding that the administrative law judge considered the claimant's medical condition "as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (citation omitted).

Truesdell argues that the administrative law judge erred by failing to specify the weight assigned to Dr. Lester's opinion. Truesdell is right that the administrative law judge didn't explicitly say what weight she gave to Dr. Lester's opinion.  But the administrative law judge's discussion of Dr. Lester's assessment shows that she considered it and had "good cause" to discount it. *See Winschel*, 631 F.3d at 1179.

The administrative law judge summarized Dr. Lester's opinion at length, explaining that Dr. Lester determined that Truesdell could walk without difficulty and exhibited normal motor skills. The administrative law judge discussed Dr. Lester's assessment of Truesdell's limitations—that he could sit for four hours, walk for two, and stand for two more.  Because the more recent records of Truesdell's treating physicians showed that "all of [his] physical examinations failed to reveal any musculoskeletal complaints" and that his "mobility was not limited," the administrative law judge reasonably concluded that Dr. Lester's assessment of Truesdell's limitations was "more than generous." *See Crawford*, 363 F.3d at 1158, 1160 (concluding that substantial evidence supported the decision to discount a consulting physician because his assessment

was "inconsistent with his own treatment notes and unsupported by the medical evidence"); 20 C.F.R. § 404.1527(c)(4) ("[T]he more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion.").

Dr. Lester's assessment was also inconsistent with the assessments of Truesdell's other doctors. For example, Dr. Lester's opinion was inconsistent with the assessment of Dr. Narayan—whose opinion the administrative law judge assigned "great weight"—that Truesdell could sit, stand, and walk for six hours each in an eight-hour workday. And Dr. Lester's opinion was inconsistent with Dr. Krisnamurthi's assessment, who, like Dr. Narayan, concluded that Truesdell could sit, stand, and walk for six hours in an eight-hour period.

And Dr. Lester's assessment was internally inconsistent because, in one part, she opined that Truesdell "has limitation in standing" and sitting "frequently"—between one-third and two-thirds of an eight-hour workday. In other words, Dr. Lester concluded that Truesdell could stand and sit between roughly 2.7 hours and 5.3 hours per workday. By contrast, in the part of her opinion relied on by Truesdell, Dr. Lester opined that Truesdell could only sit for four hours, stand for two hours, and walk for two hours in an eight-hour workday.

In any event, Dr. Lester was not a treating physician, so her opinion was not entitled to deference or special consideration. *See Crawford*, 363 F.3d at 1160 (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (explaining that one-time medical

examiners are not "treating physicians" and thus "their opinions are not entitled to deference")); *see also* 20 CFR § 404.1527(c)(2) ("[W]e give more weight to medical opinions from [a claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimiant's] medical impairment(s).").  Because the opinions of "one-time examiners" and non-treating physicians, like Dr. Lester, are not entitled to deference, the administrative law judge was entitled to discount her assessment of Truesdell's limitations. *See McSwain*, 814 F.2d at 619.

The administrative law judge didn't ignore Dr. Lester's assessment altogether; rather, she credited part of Dr. Lester's opinion in part and concluded that Truesdell was "limited to a restricted range of sedentary work" consistent with Dr. Lester's opinion. That's not the kind of broad, unreasoned rejection that leaves us uncertain whether the decision is supported by substantial evidence. *See Winschel*, 631 F.3d at 1179.  We're not left uncertain as to the basis for the administrative law judge's decision.

Truesdell relies on *Winschel* to argue that the administrative law judge's consideration of Dr. Lester's opinion was deficient, but unlike the administrative law judge in that case, here the administrative law judge addressed Dr. Lester's assessment in depth. *See Winschel*, 631 F.3d at 1179.  In *Winschel*, the administrative law judge "referenced [the claimant]'s treating physician only once, and that reference merely noted that [the claimant] saw the doctor monthly." *Id.*  The administrative law judge "did not mention the

treating physician's medical opinion, let alone give it 'considerable weight.'" *Id.* Nor did the administrative law judge "discuss pertinent elements of the examining physician's medical opinion," and the administrative law judge's "conclusions suggest[ed] that those elements were not considered." *Id.*

Here, in contrast, the administrative law judge dedicated over half a page of single-spaced text to her discussion of Dr. Lester's findings. The administrative law judge discussed all parts of Dr. Lester's assessment, reviewing Dr. Lester's determinations that Truesdell could walk without difficulty, sit for four hours, walk for two, and stand for two more, and that Truesdell exhibited normal motor skills. But the administrative law judge discounted part of Dr. Lester's findings because it was inconsistent with the more recent records of Truesdell's treating physicians. And unlike in *Winschel*, Dr. Lester was not a treating physician, so the administrative law judge was not required to give deference to Dr. Lester's opinion. *See id.*

Because the administrative law judge credited Dr. Narayan's assessment, considered Dr. Lester's opinion, and explained that Dr. Lester's assessment of Truesdell's limitations was "more than generous," the administrative law judge's decision wasn't an unreasonable "broad rejection" of the evidence, even if she didn't explicitly assign a weight to Dr. Lester's opinion. *See Dyer*, 395 F.3d at 1210. Rather, the administrative law judge's decision to discount Dr. Lester's assessment reflects a reasonable consideration of Truesdell's medical condition as a whole and is supported by substantial

evidence. *Id.* at 1211. We will not second guess that determination. *See Hunter v. Soc. Sec. Admin.*, 808 F.3d 818, 823 (11th Cir. 2015) ("We will not second guess the [administrative law judge] about the weight the treating physician's opinion deserves so long as [s]he articulates a specific justification for it.").

*Substantial Evidence Supports the Administrative Law Judge's Finding That Truesdell's Subjective Assessment was Not Credible*

We turn now to Truesdell's argument that the administrative law judge erred by failing to properly consider his subjective assessment of his own limitations.

To establish a disability based on testimony of pain and other symptoms, the claimant must show: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged symptoms, or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed symptoms. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* 20 C.F.R. § 404.1529(a). If an administrative law judge discredits a claimant's testimony, she must articulate "explicit and adequate reasons" for doing so. *Dyer*, 395 F.3d at 1210 (citation omitted). But the administrative law judge need not make an explicit credibility finding or use "particular phrases" or terminology; rather, "the implication must be obvious" and allow us to determine that the administrative law judge considered the claimant's "medical condition as a whole." *Id.* (citations omitted). Ultimately, "credibility determinations are the province of the [administrative law judge]," and "we

will not disturb a clearly articulated credibility finding supported by substantial evidence." *Mitchell v. Comm'r*, 771 F.3d 780, 782 (11th Cir. 2014) (citations omitted).

Truesdell argues that the administrative law judge's credibility finding is not supported by substantial evidence because the administrative law judge rejected his testimony without "identify[ing] any inconsistencies." Truesdell points to an incomplete sentence in the administrative law judge's decision as evidence of the fact that the administrative law judge didn't explain her decision, and argues that the administrative law judge "failed to apply the correct legal standards to [] Truesdell's testimony regarding his pain and limitations."

But the rest of the administrative law judge's decision shows that she considered Truesdell's medical condition "as a whole," *see Dyer*, 395 F.3d at 1210, and articulated good reasons for discounting his testimony as "not entirely consistent with the medical evidence and other evidence in the record." To support her finding, the administrative law judge relied on Truesdell's own testimony, his medical records, his history of hospitalizations, and the opinions of Truesdell's treating and consulting physicians.

First, the administrative law judge discussed Truesdell's testimony, summarizing his daily routine that contradicted his testimony that he "could not sit or stand in one position more than fifteen or twenty minutes." Truesdell testified that he "was able to do laundry and wash a few dishes if he had a chair to sit in"; "liked

to read"; "checked emails periodically"; and "attended church on Wednesday evenings and Sundays."

Second, the administrative law judge considered Truesdell's medical records. She gave "little weight" to the limitations result-ing from a leg injury that Truesdell suffered in 2006 because the limitations were "interim restrictions" that were "not intended to be permanent." The administrative law judge then considered Truesdell's "mild" COPD. She observed that Truesdell's medical records between January 2015 and October 2015 "consistently noted clear lungs" and showed "no evidence of wheezing" or "res-piratory distress." Concerning Truesdell's back injury, the admin-istrative law judge explained that Truesdell's 2009 records showed that he exhibited "only mild disc protrusions" and that, while he took narcotics to treat his back pain, Truesdell "should no longer require them after pain management." By 2014, the administrative law judge observed, Truesdell's records showed that he exhibited "no evidence of tenderness in [his] back." And, regarding Trues-dell's headaches, the administrative law judge noted that Trues-dell's records from 2015 "fail[ed] to document treatment for head-aches on a regular basis," but she nonetheless concluded that Truesdell was "limited" to "simple tasks in consideration of the pain resulting from his headaches."

Third, the administrative law judge discussed Truesdell's history of periodic hospitalization for chest pain and other condi-tions between 2015 and 2018. The administrative law judge noted

that each time he was hospitalized, his condition quickly stabilized, and he was subsequently discharged.

Fourth, the administrative law judge considered the medical opinion testimony from each of Truesdell's treating and non-treating physicians.  The administrative law judge assigned "great weight" to Dr. Narayan's assessment that Truesdell could sit "for long periods of time," sit, stand, and walk for six hours each in an eight-hour workday, and engage in other physical activities.  Even Dr. Lester's "more than generous" assessment found that Truesdell could sit for four hours, stand for two hours, and walk for two hours during an eight-hour workday, which was inconsistent with Truesdell's subjective assessment.  While the administrative law judge noted Dr. Lester's conclusions that Truesdell could "continuously be around" humidity, wetness, dust, odors, fumes, pulmonary irritants, extreme cold and heat, vibrations, and loud noise, and that Truesdell could continuously use his hands and feet, move mechanical parts, and operate a motor vehicle, the administrative law judge credited Dr. Lester's assessment that Truesdell "would be limited to a restricted range of sedentary work . . . consistent with the restrictions given by Dr. Lester."  The administrative law judge thus accepted Dr. Lester's opinion that Truesdell could "never carry over 21 pounds" and "never kneel, crouch, or crawl" due to Truesdell's back pain.

After discussing Truesdell's medical history and records, the administrative law judge found that the evidence didn't support "limitations at the level of severity [he] alleged."  The

administrative law judge explained that the determination of Truesdell's residual functional capacity was made based on Truesdell's "medical records from treating sources, examination and evaluation reports by consulting doctors, and opinions from non-examining state agency medical consultants." All of this amounted to substantial evidence supporting the administrative law judge's decision to discredit Truesdell's assessment of his own limitations.

*Reversal and Remand is Inappropriate Because Truesdell Did Not Establish "Disability Without Any Doubt" and the Administrative Law Judge Did Not Err in Any "Critical" Way*

Truesdell argues that we should reverse the Administration's denial of benefits and remand to award benefits because he suffered an injustice under *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982). Specifically, Truesdell contends that he "has been denied benefits he is rightfully entitled to for over *thirteen years* and he still had not received an administrative decision based on the correct legal standards and supported by substantial evidence."

We "may reverse the judgment of the district court and remand the case for an entry of an order awarding disability benefits where the [Administration] has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (citation omitted). In *Walden*, we found that the claimant suffered an injustice "[d]ue to the perfunctory manner of the hearing, the quality and quantity of errors pointed out, and the lack of substantial evidence to support the

[administrative law judge]'s decision." 672 F.2d at 840. There, the administrative law judge "was in error in several critical respects: application of an improper legal standard, failure to address [the claimant]'s testimony and evidence in regards to subjective pain, lack of findings in regards to credibility, failure to develop a full and fair record and a total disregard for unrefuted evidence." *Id.* at 837; *see also Sisco v. U.S. Dep't of Health & Hum. Servs.*, 10 F.3d 739, 746 (10th Cir. 1993) (reversing and remanding for an award of benefits where the claimant's case had been adjudicated by the Administration "no fewer than ten times over the past several years" and the administrative law judge "resented" the claimant's "persistence, refused to take her disease seriously, and at times treated her claim with indifference or disrespect").

We cannot reverse and remand to award Truesdell benefits because, unlike in *Davis* and *Walden*, Truesdell did not establish "disability without any doubt" and the administrative law judge was not "in error in several critical respects." *See Davis*, 985 F.2d at 534; *Walden*, 672 F.2d at 837. Truesdell's hearing wasn't "perfunctory," and the administrative law judge didn't apply an improper legal standard or totally disregard unrefuted evidence. *See Walden*, 672 F.2d at 837, 840. Nor did the administrative law judge fail to address Truesdell's subjective assessment, to make findings of credibility, or to develop a full and fair record. *See id.* Here, substantial evidence supported the administrative law judge's findings. Because "the cumulative effect of the evidence" did not establish "disability without any doubt," and because the

administrative law judge did not err in any "critical" way, we may not reverse the district court's judgment and remand for an award of benefits.  *See Davis*, 985 F.2d at 534; *Walden*, 672 F.2d at 837.

**AFFIRMED.**